IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WEEKEND WARRIOR CLOTHING, LLC**<br><br>*Plaintiff,*<br><br>v.<br><br>**AMAZON.COM SERVICES, LLC;**<br>**AMAZON.COM, INC.**<br><br>*Defendant.* | |
| **Complaint with Jury Demand** ||

Plaintiff Weekend Warrior Clothing, LLC ("Weekend Warrior" or "Plaintiff"), as and for its complaint against defendants Amazon.com, Inc. and Amazon.com Services, LLC (hereinafter collectively "Amazon" or "Defendants"), alleges as follows:

**INTRODUCTION**

1. In 2018, Daniel and Tim Whelan (hereinafter "the Whelan brothers") quit stable, professional jobs to focus full-time on building Weekend Warrior, a fledgling online apparel company that would be run from a small closet "office" located in a friend's warehouse—so small that only one of the brothers could work in the space at any given time. Through only the elbow grease and creativity invested by its founders, Weekend Warrior grew to become a company selling thousands of t-shirts with annual revenue in the seven figures.

2. Weekend Warrior exclusively sells its products via its own proprietary website. Weekend Warrior has never sold its products via Amazon or other sales channels and has never licensed its products or designs to anyone.

3. Weekend Warrior's success is based almost entirely on its original, copyrighted, holiday-based, patriotic, pop-culture- and humor-focused designs, which are printed on Weekend Warrior's products. A couple examples of designs created by Weekend Warrior, and sold by Weekend Warrior on its apparel, are pictured below.




4. Weekend Warrior is now confronted with the downside to its growth and popularity. That is, Weekend Warrior's success attracted copycats who work in concert with Amazon to steal Weekend Warrior's popular copyrighted designs to make a quick dollar, selling lower quality infringing goods at a cheaper price point, and leaving the burden of creating original designs that will be well-received by the public to Weekend Warrior.

5. This intentional infringement of Weekend Warrior's designs deprives Weekend Warrior of a large number of sales, lessens the value of Weekend Warrior's copyrighted designs, and damages the Weekend Warrior brand.

6. Unfortunately, those bad actors that blatantly copy Weekend Warrior's designs are knowingly aided and abetted by a party with the capability to market, manufacture, print, sell,

fulfill, and ship the infringing goods at large scale—Amazon.

7. Infringements of Weekend Warrior's copyrighted designs are available en masse on Amazon's print-on-demand-shop, Amazon Merch on Demand. Weekend Warrior has captured screenshots of thousands of products infringing its copyrights available for sale by Amazon on Amazon Merch on Demand.

8. Amazon may argue that third-parties uploaded the infringing designs used on the relevant products manufactured and sold by Amazon, but Amazon is far from an innocent party. For more than a year, between March of 2022 and May of 2023, Weekend Warrior sent numerous DMCA takedown notices to Amazon, notifying Amazon that it is selling products that infringe Weekend Warrior's registered copyrights. In response, Amazon refused to remove the infringing products from its website, instead rejecting the takedown notices as "invalid and/or inaccurate" and threatening Weekend Warrior that "[r]eporting false, misleading, or consistently inaccurate notices of infringement violates our polices." One such rejection e-mail is pictured below.



Because Amazon repeatedly rejected Weekend Warrior's valid takedown notices, thousands of products that plainly infringe Weekend Warrior's copyrights were sold and remain for sale by Amazon on its website.

9. To be clear, there was nothing "invalid and/or inaccurate" about Weekend Warrior's takedown notices, and Amazon's continued manufacturing and sales of products emblazoned with exact copies of Weekend Warrior's copyrighted designs constitutes willful copyright infringement.

10. Amazon's rejection of valid takedown notices and continuing copyright infringements left Weekend Warrior with no other option but to file this lawsuit.

## PARTIES

11. Weekend Warrior is an LLC with its principal place of business in Cincinnati, Ohio.

12. Plaintiff is informed and believes, and thereon alleges, that Amazon.com Services, LLC is a Delaware LLC with its principal place of business in Seattle, Washington.

13. Plaintiff is informed and believes, and thereon alleges, that Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the federal Copyright Act. *See* 17 U.S.C. §§ 101, *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367, 1338(b).

15. While not required, the Court also has diversity jurisdiction pursuant to 28 U.S.C. section 1332, because Plaintiff and Amazon are citizens of different states, and the amount in controversy exceeds $75,000.

16. Venue in this district is proper under 28 U.S.C. § 1391 because Plaintiff maintains its principal place of business and resides here, and suffered injury here. Further, upon information and belief, certain of the infringing goods described in this complaint were sold to customers in this district. Accordingly, a substantial portion of the events and omissions giving rise to this action occurred within the district.

17. This Court has personal jurisdiction over Amazon because Amazon infringed the intellectual property owned by Plaintiff in Ohio, intentionally directing the conduct described below knowing that the effects would be felt by Plaintiff in this judicial district, and upon

information and belief, regularly markets and sells goods, including goods at issue in this case, to customers in Ohio.

## GENERAL ALLEGATIONS

**A.　Weekend Warrior is an online apparel company that creates original designs for use on its products.**

18.　Weekend Warrior is an online apparel company run by the Whelan brothers, who both resigned from professional jobs in 2018 to focus their efforts on the company. As noted above, the company began in a borrowed closet "office" space, with only enough room for one of the Whelan brothers to work in the space at a time.

19.　The "secret sauce" for Weekend Warrior's success in the highly competitive apparel industry would be its creative, original designs, combined with the hard work and entrepreneurial spirit of its founders.

20.　In this regard, Weekend Warrior began to focus on selling apparel emblazoned with this company's original designs. The success of Weekend Warrior was entirely dependent upon customers' reception to those creative designs.

21.　Weekend Warriors designs often combine holiday-based, patriotic, humorous, or pop culture references with attractive visual elements, for example, a taco or Uncle Sam doing the trendy "griddy" dance. Other designs are marketed towards beer-drinkers, like "Bad Day to be a Cerveza."

22.　These designs have been well-received by the consuming public, allowing Weekend Warrior to grow from a fledgling two-man "side-hustle" to a full-time business. In this regard, many of the Weekend Warrior designs quickly become popular after their release, and Weekend Warrior has grown to sell thousands of t-shirts per year, with sales in the seven figures.

B. **Weekend Warrior obtains copyright registrations to protect its valuable, original designs.**

23. Again, Weekend Warrior's success is inextricably tied to its original, creative designs. To protect this valuable intellectual property, Weekend Warrior obtained copyright registrations for many of its works.

24. While not exhaustive of all the original designs for which Weekend Warrior owns copyrights, to date, Weekend Warrior has obtained copyright registrations for the following works (collectively, the "WW Designs"):

- Tits McGee Irish Pub (Reg. No. VA 2-351-548)
- Bad Day to be a Cerveza (Reg. No. VA 2-352-053)
- Pat McCrotch Irish Pub (Reg. No. VA 2-352-055)
- Griddy Taco (Reg. No. VA 2-352-064)
- Griddy Cerveza (Reg. No. VA 2-352-062)
- BAD DAY TO BE A BEER - *AMERICA EDITION* (Reg. No. VA 2-351-900)
- Uncle Sam's American Lager (Reg. No. VA 2-357-232)
- USA Drinking Team Mascot (Reg. No. VA 2-357-233)
- Real American - Uncle Sam (Reg. No. VA 2-358-836)
- Ameri-CAN Eagle (Reg. No. VA 2-358-838)
- Meri-CAN Eagle (Reg. No. VA 2-358-949)
- Uncle Sam Griddy (Reg. No. VA 2-358-971)
- USA Jam - Uncle Sam/Merican Eagle (Reg. No. VA 2-358-950)
- USA Jam - Washington/Lincoln (Reg. No. VA 2-358-834)
- Ameri-CAN V2 (Reg. No. VA 2-360-244)
- Bald Eagle Griddy (Reg. No. VA 2-360-414)

- Ameri-CAW (Reg. No. VA 2-360-415)

- Bad Day to be a Beer (Reg. No. VA 2-340-675)

- Leprechaun Griddy (Reg. No. VA-2-350-096)

25. The WW Designs are pictured below. The above registrations and relevant designs are further provided in Exhibit A.

   
   
   
   

  

C. **Amazon knowingly infringes Weekend Warrior's copyrights in its print-on-demand shop, creating, manufacturing, selling, fulfilling, and shipping large quantities of products emblazoned with Weekend Warrior's designs.**

26. Amazon's print-on-demand-shop, known as Amazon Merch on Demand, results in Amazon manufacturing and selling substantial quantities of counterfeit and infringing goods.

27. Through Amazon's website, and the Amazon Merch on Demand service, people persons with Amazon Merch on Demand accounts can upload designs that Amazon then displays on a variety of products, primarily apparel. Amazon offers these products for sale, showing the final product photos in product listing pages hosted by Amazon on its sites. An example of a product listing page from www.amazon.com for an infringing Weekend Warrior product is pictured below. To be clear, Amazon does not sell any licensed Weekend Warrior apparel—this is an infringement:



28. If a visitor to Amazon's site orders a product through Amazon Merch on Demand, Amazon then prints the order on a blank physical product. This business model is commonly referred to as "print-on-demand" because companies like Amazon do not hold inventory of finished products, but instead print the designs on physical products when an order is placed.

29. Indeed, below are some examples of infringing Weekend Warrior products, not only sold, but manufactured and shipped by Amazon through www.amazon.com:




 

30. Upon ordering such items, the purchaser receives an order confirmation, showing Amazon as the seller, an example shown below:

9/14/23, 9:42 AM  
**amazon.com**  
Amazon.com - Order 113-6180249-7619461

**Details for Order #113-6180249-7619461**
Print this page for your records.

**Order Placed:** September 14, 2023
**Amazon.com order number:** 113-6180249-7619461
**Order Total:** $21.89

**Not Yet Shipped**

| Items Ordered | Price |
|---|---|
| 1 of: *Usa Jam Washington Lincoln T-Shirt*<br>Sold by: Amazon.com Services LLC<br>Supplied by: Other<br><br>Condition: New | $19.99 |

31. The customer will also receive an e-mail confirmation confirming that Amazon is the seller, an example of which is seen below.

```
From:      Amazon.com <auto-confirm@amazon.com>
Sent:      Thursday, September 14, 2023 10:20 AM
To:        Anne Kim
Subject:   Your Amazon.com order #113-1375932-5001061
```

**amazon**                                              Order Confirmation

Hello Anne,

Thank you for shopping with us. We'll send a confirmation when your item ships.

Details

Order #113-1375932-5001061

Arriving:                          Ship to:
tomorrow, September 15 -           Anne
Tuesday, September 19              LOS ANGELES, CA

View or manage order               Order Total:   $16.41

We hope to see you again soon.

Amazon.com

32.   Amazon then manufactures and ships the product, through its own Amazon delivery services, and processes the payment for the product. Amazon will send the account-holder who uploaded the design a royalty, but upon information and belief, retains the majority of the sales proceeds for itself. Amazon also handles all of the customer service and returns itself.

33.   Moreover, the package arrives addressed from Amazon. The package in which the above products arrived gave Amazon.com, 3837 Bay Lake Trail, Suite 111, North Las Vegas, NV, 89030 as the return address.

34.   Amazon openly admits to being the seller of products sold through Amazon Merch on Demand, representing in its Term of Service:

> Amazon will be the seller of record for the Products. Amazon has sole discretion to determine price, availability, distribution channels, and terms of sale for the Products. We are responsible for and have sole discretion related to processing payments, collecting payments, addressing requests for refunds, and providing customer service related to our obligations, and we will have sole ownership and

control of all sales and other data we obtain from customers in connection with the program.

35. Consistently, on product listing pages for Amazon Merch on Demand items, Amazon states that the products are sold by and ship from Amazon, as pictured below.



36. In summary, Amazon handles every aspect of the sales made on www.amazon.com through Amazon Merch on Demand. Customers complete their purchases on the site, with Amazon taking their payment information, processing the payments, and depositing the money into their accounts. Once the order is complete, Amazon provides order confirmations on its site and by e-mail, providing customers with tracking numbers for shipment of their purchases. All customer service is provided by Amazon. Again, once an order is placed, Amazon manufactures (prints) the purchased item.

37. In *Ohio State University v. Redbubble, Inc.*, the Sixth Circuit held on similar facts, that even when the seller outsourced manufacturing to a third party, a print-on-demand business model was sufficient to allow a finding of direct infringement liability, reversing a prior grant of summary judgment.

38. Using such a business model, Amazon is advertising, marketing, creating, manufacturing, displaying, offering for sale, selling, distributing, and profiting from large quantities of infringing Weekend Warrior products. These infringing products incorporate exact copies of the registered WW Designs. Moreover, Amazon's actions in manufacturing and selling the physical infringing products at issue here far exceed that of a mere service provider.

39. A few examples—a drop in the bucket of Amazon's entire catalogue of infringed WW Designs, including all of the copyrights listed in Exhibit A—are depicted below. Examples of product listing pages for some of these infringing designs are shown in Exhibit B.



**It's A Bad Day To Be A Beer 4th Of July T-Shirt**
300+ bought in past month
$18⁹⁹
✓prime
FREE delivery **Wed, Jul 5** on $25 of items shipped by Amazon
Or fastest delivery **Mon, Jul 3**



+9 colors/patterns
**Usa Jam Washington Lincoln shirt**
Usa Jam Washington Lincoln T-Shirt
☆☆☆☆☆ ˅ (5)
$19⁹⁹
✓prime
FREE delivery **Wed, Sep 27** on $35 of items shipped by Amazon
Or fastest delivery **Sun, Sep 24**



+9 colors/patterns
**taco griddy shirt**
taco griddy cinco de mayo T-Shirt
$19⁹⁹
✓prime
FREE delivery **Wed, Sep 27** on $35 of items shipped by Amazon
Or fastest delivery **Sun, Sep 24**
❦ Climate Pledge Friendly ˅

40. Moreover, Amazon has actual knowledge that it is infringing the WW Designs because Weekend Warrior has on numerous instances between March of 2022 and May of 2023 sent takedown notices to Amazon. Instead of honoring the takedown notices, Amazon routinely rejected the takedown notices for no valid reason, and refused to take down infringing products even after receiving actual notice of their infringement. This brazen behavior establishes Amazon's intent to infringe and profit from Weekend Warrior's intellectual property beyond any reasonable dispute.

41. Because Amazon places a significant amount of online advertisements, when a customer searches for the WW Designs (or other Weekend Warrior-owned copyrighted designs) on a search engine like Google, the infringing items sold by Amazon often appear above or close to authentic products. Worse yet, in part because Amazon does not have the development costs, and produces at a much larger scale, it is able to significantly undercut Weekend Warrior on price, both stealing customers and depressing the market price for authentic Weekend Warrior apparel.

42. Virtually all of the WW Designs are infringed upon and listed for sale by Amazon shortly after Weekend Warrior launches a new design.

43. Amazon's aforementioned infringement is knowing and willful, as evidenced by (a) the sheer quantity of different infringing designs being sold by Amazon, (b) the exact duplication of a variety of Weekend Warrior's designs, and (c) Amazon' pattern and practice of infringing upon intellectual property rights.

D. **Amazon's infringement extends beyond use of Weekend Warrior's intellectual property.**

44. As described above, Amazon infringes upon Weekend Warrior's intellectual property rights by promoting and selling products incorporating exact copies of Weekend Warrior's copyrighted designs. Amazon's infringement, however, goes beyond just Weekend Warrior's intellectual property.

45. That is, infringement of smaller brands and intellectual property owners is rampant on Amazon Merch on Demand. Upon information and belief, Amazon does not honor takedown notices from other smaller intellectual property owners, and knowingly profits from the rampant infringement on Amazon Merch on Demand.

46. In this regard, upon information and belief, Amazon's infringement problem is so

pervasive that there exists a black market where Amazon Merch on Demand accounts are sold to counterfeiters, intending to use Amazon to sell infringing goods, knowing that Amazon will not remove the products so long as they only infringe upon lesser-known brands, and not the Nikes of the world.

47. Upon information and belief, such accounts traffic in stolen identities, bank accounts, wire and mail fraud, and Amazon knowingly profits from all of these illegal activities, without taking reasonable steps to locate and ban these fraudulent accounts, and remove counterfeit and infringing materials from its website.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

48. Weekend Warrior re-alleges and incorporates herein by reference each and every allegation set forth above.

49. Weekend Warrior has complied in all respects with the copyright laws of the United States, 17 U.S.C. §101 et seq., and has secured the exclusive rights and privileges in and to the original expression in the following copyrights that have been duly registered with the U.S. Copyright Office, registration numbers provided above: Tits McGee Irish Pub; Leprechaun Griddy, Bad Day to be a Cerveza; Pat McCrotch Irish Pub; Griddy Taco; Griddy Cerveza; BAD DAY TO BE A BEER - *AMERICA EDITION*; Uncle Sam's American Lager; USA Drinking Team Mascot; Real American - Uncle Sam; Ameri-CAN Eagle; Meri-CAN Eagle; Uncle Sam Griddy; USA Jam - Uncle Sam/Merican Eagle; USA Jam - Washington/Lincoln; Ameri-CAN V2; Bald Eagle Griddy; Ameri-CAW; Bad Day to be a Beer.

50. Amazon had access to Weekend Warrior's copyrighted works as established by, among other things, (a) the widespread availability of the WW Designs for sale on Weekend

Warrior's products, and (b) the striking similarity between the expression used on the infringing goods and the expression in Weekend Warrior's copyrights.

51. Amazon infringes Weekend Warrior's copyrights by advertising, marketing, manufacturing, displaying, offering for sale, selling, distributing, and profiting from products incorporating protectable expression taken from Weekend Warrior's copyrights, without Weekend Warrior's permission.

52. Amazon infringed Weekend Warrior's copyrights willfully.

53. Weekend Warrior is entitled to actual damages and Amazon's profits, in an amount to be proven at trial.

54. Alternatively, Weekend Warrior is entitled to statutory damages for willful copyright infringement in an amount no less than $150,000.00 per copyright.

55. Amazon's acts have caused and will continue to cause irreparable harm to Weekend Warrior unless restrained by this Court. Weekend Warrior has no adequate remedy at law. Accordingly, Weekend Warrior is entitled to an order enjoining and restraining Amazon and all those acting in concert with Amazon, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale, or selling products with copies or substantially similar copies of Weekend Warrior's copyrighted designs.

### SECOND CLAIM FOR RELIEF

**(Contributory Copyright Infringement)**

56. Weekend Warrior re-alleges and incorporates herein by reference each and every allegation set forth above.

57. Amazon has been and continues to be aware of—and has been and continues to

contribute to—the infringement of Weekend Warrior's copyrights on its site.

58. In this regard, and as described above, Weekend Warrior sent numerous takedown requests to Amazon concerning products for sale that infringe the WW Designs, and Amazon rejected these notices, refusing to take down the products. Amazon thus has actual knowledge of its infringement.

59. Alternatively, Amazon has remained willfully blind to the infringement of Weekend Warrior's copyrights on its website and on the products it manufactures and sells to the end consumer.

60. Weekend Warrior has been damaged by and Amazon has profited from Amazon's contributory copyright infringement.

61. To remedy Amazon's contributory copyright infringement, Weekend Warrior is entitled to all of the remedies set forth above for direct copyright infringement.

## THIRD CLAIM FOR RELIEF

### (Vicarious Copyright Infringement)

62. Weekend Warrior re-alleges and incorporates herein by reference each and every allegation set forth above.

63. Amazon enjoys a direct financial benefit from the copyright infringement on its website. Amazon retains the majority percentage of every sale of every product sold by Amazon through Amazon Merch on Demand. The availability of the infringing goods also draws customers to the site, which causes Amazon to make money both through the sale of the infringing goods and through the sale of all goods displayed on its site.

64. Amazon has the legal right to stop or limit the copyright infringement on its website through Amazon Merch on Demand and the practical ability to do so. Amazon has the ability and

means to monitor Merch on Demand items on its site for infringing designs and the right to remove them.

65. Weekend Warrior has been damaged by and Amazon has profited from Amazon's vicarious copyright infringement. To remedy Amazon's vicarious copyright infringement, Weekend Warrior is entitled to all of the remedies set forth above for direct copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For preliminary and permanent injunctions enjoining and restraining Defendant, its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with Defendants, from designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates designs substantially similar to Weekend Warrior's copyrights;

2. For an order requiring the destruction of all of Defendant's infringing products and all marketing, advertising, or promotional materials depicting Defendant's infringing products;

3. For an accounting of all profits obtained by Defendant from sales of the infringing products and an order that Defendant hold all such profits in a constructive trust for the benefit of Plaintiff;

4. For an award to Plaintiff of all profits earned by Defendant from their infringing acts;

5. For compensatory damages according to proof;

6. For statutory damages of no less than $150,000.00 per registered copyright;

7. For pre-judgment interest on all damages awarded by this Court;

8. For reasonable attorney's fees and costs of suit incurred herein; and

9. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
Gary F. Franke (Ohio Bar No. 0029793)
Gary F. Franke Co., LPA
201 E. Fifth Street, Suite 910, Cincinnati, Ohio 45202

Keith J. Wesley (*pro hac vice* forthcoming)
Matthew Venezia (*pro hac vice* forthcoming)
George B. A. Laiolo (*pro hac vice* forthcoming)
Ellis George Cipollone O'Brien LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
(310) 274-7100
kwesley@egcfirm.com
mvenezia@egcfirm.com
glaiolo@egcfirm.com

*Attorneys for Plaintiff*