IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Weekend Warrior Clothing, LLC,<br><br>                        *Plaintiff*,<br><br>    v.<br><br>Amazon.com Services, LLC;<br>Amazon.com, Inc.,<br><br>                        *Defendants*. | Case No. 1:23-cv-00752<br>Judge Douglas R. Cole<br>Magistrate Judge Stephanie K. Bowman<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS AMAZON.COM SERVICES, LLC AND
AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT**

For the reasons stated in the accompanying Memorandum of Law and Statement of Undisputed Material Facts, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Amazon.com Services, LLC and Amazon.com, Inc. (collectively, "Amazon") respectfully move this Court for an order granting summary judgment or, in the alternative, partial summary judgment.

Amazon moves for summary judgment on all three of Weekend Warrior Clothing, LLC's ("Weekend Warrior") claims:

- First, Amazon is entitled to summary judgment on the claim for direct copyright infringement for lack of evidence of volitional conduct as "something more" than "mere ownership of a machine used by others to make illegal copies" is needed to make such a finding. *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004). Weekend Warrior challenges product listings created and uploaded by third parties through Amazon's Merch on Demand service, but courts reject direct copyright infringement claims where

"plaintiff's images" are, as here, "uploaded by third-party sellers." *Tomelleri v. SunFrog, LLC*, 721 F. Supp. 3d 566, 580 (E.D. Mich. 2024) (dismissing direct copyright infringement claim against print-on-demand online service).

- Second, Amazon is entitled to summary judgment on Weekend Warrior's contributory infringement claim, which requires proof that Amazon knowingly induced or materially contributed to another's infringement. *See Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398, 400 (6th Cir. 2007). The undisputed evidence shows that Merch on Demand has "substantial, noninfringing uses" and that Amazon lacked specific knowledge of any alleged infringement. *See Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (no contributory liability where carrier "engage[d] in the equivocal conduct of selling an item with substantial lawful as well as unlawful uses") (internal citations omitted).

- Third, Amazon is entitled to summary judgment on Weekend Warrior's vicarious infringement claim because Amazon (1) has no control over what designs third-party creators choose to submit—foreclosing any finding of supervisory authority needed for vicarious liability (*Concord Music Grp., Inc. v. X Corp.*, No. 3:23-cv-00606, 2024 WL 945325, at *10 (M.D. Tenn. Mar. 5, 2024) (no vicarious liability where platform users were not "even loose equivalents of agents or subordinates")); and (2) proactively policed infringement, meaning no reasonable jury could find that Amazon, as required to find vicarious copyright infringement, "declin[ed]" to "limit" the infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

In the alternative, Amazon moves for partial summary judgment on five issues:

- First, 21 of the 48 asserted copyrights are invalid because Weekend Warrior created them unlawfully using preexisting material without authorization. Copyright protection does not extend to such works. *See* 17 U.S.C. § 103(a); *Hiller, LLC v. Success Grp. Int'l Learning All., LLC*, 976 F.3d 620, 629 (6th Cir. 2020).

- Second, Amazon is not liable for infringement as to 107 accused product listings because those listings satisfy the requirements of the Digital Millennium Copyright Act safe harbor, which shields service providers from liability where there are no sales by the service and infringing content is removed promptly upon notice. *See* 17 U.S.C. § 512(c).

- Third, Weekend Warrior cannot recover attorney's fees for 22 asserted copyrights because § 412 expressly prohibits fee recovery where, as stipulated, the alleged infringement began after first publication but before registration, and registration occurred more than three months later. *See* 17 U.S.C. § 412.

- Fourth, Weekend Warrior cannot recover enhanced statutory damages, which are available only for willful infringement. 17 U.S.C. § 504(c)(2). Weekend Warrior has stipulated to no statutory damages for 22 copyrights, and Amazon's prompt removal of identified listings upon notice forecloses any finding of willfulness for the remainder.

- Finally, Amazon seeks summary judgment of no infringement as to three copyrights not asserted in the operative complaint and two for which Weekend Warrior has identified no allegedly infringing listings.

**Oral Argument Requested**.  Given the number of copyrights, accused listings, and legal issues presented, Amazon believes that oral argument would assist the Court in resolving the motion.

| | |
|---|---|
| October 24, 2025 | Respectfully submitted, |
| | |
| /s/ Moez M. Kaba | /s/Klaus H. Hamm |
| by s/ Klaus H. Hamm per email authorization | |
| | Ryan L. Frei (*pro hac vice*) |
| Moez M. Kaba (*pro hac vice*) | Klaus H. Hamm (*pro hac vice*) |
| Jessica N. Trafimow (*pro hac vice*) | Ziyu Ma (*pro hac vice*) |
| HUESTON HENNIGAN LLP | Todd M. Siegel (*pro hac vice*) |
| 1 Little West 12th Street, 2nd Floor | KLARQUIST SPARKMAN, LLP |
| New York, NY 10014 | 121 SW Salmon Street, Suite 1600 |
| Telephone: (646) 930-0415 | Portland, Oregon 97204 |
| mkaba@hueston.com | Telephone: (503) 595-5300 |
| jtrafimow@hueston.com | Facsimile: (503) 595-5301 |
| | ryan.frei@klarquist.com |
| Christine Woodin (*pro hac vice*) | klaus.hamm@klarquist.com |
| Sourabh Mishra (*pro hac vice*) | ziyu.ma@klarquist.com |
| HUESTON HENNIGAN LLP | todd.siegel@klarquist.com |
| 523 West 6th Street, Suite 400 | |
| Los Angeles, CA 90014 | Gregory F. Ahrens |
| Telephone: (213) 788-4099 | Wood Herron & Evans LLP |
| cwoodin@hueston.com | 600 Vine Street, Suite 2800 |
| smishra@hueston.com | Cincinnati, OH 45202 |
| | Telephone: (513) 241-2324 |
| | gahrens@whe-law.com |
| | |
| | *Counsel for Defendants* |
| | *Amazon.com Services LLC and* |
| | *Amazon.com, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel or record registered with the Court's CM/ECF system as follows:

| | |
|---|---|
| Gary F. Franke | Keith J. Wesley |
| gff@garyfrankelaw.com | kwesley@ellisgeorge.com |
| Gary F. Franke Co., LPA | Matthew L. Venezia |
| 201 E. Fifth Street, Suite 910 | mvenezia@ellisgeorge.com |
| Cincinnati, OH 45202 | George B. A. Laiolo |
| | glaiolo@ellisgeorge.com |
| | Elizabeth Carpenter |
| | ecarpenter@ellisgeorge.com |
| | Amanda Mannshahia |
| | amannshahia@ellisgeorge.com |
| | Diane Torosyan |
| | dtorosyan@ellisgeorge.com |
| | Ellis George LLP |
| | 2121 Avenue of the Stars, 30th Floor |
| | Los Angeles, CA 90067 |

*/s/ Klaus H. Hamm*
Klaus H. Hamm