# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**WEEKEND WARRIOR CLOTHING, LLC,**

        Plaintiff,

    v.

**AMAZON.COM SERVICES, LLC, et al.,**

        Defendant.

Case No. 1:23-cv-752

**JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

Plaintiff Weekend Warrior Clothing, LLC, and Defendants Amazon.com Services, LLC and Amazon.com, Inc., (collectively, Amazon) seek this Court's permission to file various documents under seal. (Mot. to Seal, Doc. 53). Specifically, Weekend Warrior seeks leave to file under seal various documents and spreadsheets Amazon produced in discovery and designated as confidential (the documents).[1] (*Id.* at #2098–99). It says it intends to rely on those documents to support its upcoming Motion for Summary Judgment. (*Id.*). Since then, Defendant Amazon also has filed a second Unopposed Motion to Seal (Doc. 69). It seeks leave to file under seal portions

---

[1] Here is the complete list: (1) Bundy Deposition Transcript, (2) Bundy Deposition Exhibit 4, (3) Bundy Deposition Exhibits 11–14, (4) Boehm Deposition Transcript, (5) Boehm Deposition Exhibits 17–22, (6) Danala Deposition transcript, (7) Kraft Deposition transcript, (8) Kraft Deposition Exhibit 26, (9) Kraft Deposition Exhibits 28–29, (10) Snyder Deposition Transcript, (11) Handson Expert Report, (12) Hanson Deposition Transcript, (13) LaMagna Deposition Transcript, (14) LaMagna Deposition Exhibit 50, (15) LaMagna Deposition Exhibit 53, (16) LaMagna Deposition Exhibit 55, (17) Bania Deposition Exhibit 57, (18) 2025-06-11 (AEO) Amended Accused ASINs with Sales Provided by Amazon, (19) 2025-06-11 (AEO) WW's June 11, 2025 Amended Response to Rog 3, (20) 2025-06-11 (Partial AEO) WW's June 11, 2025 Further Amended Disclosures, (21) AMZ-WWC-00014178, (22) AMZ-WWC-00029208, (23) AMZ-WWC-00030216, (24) AMZ-WWC-00030218, (25) AMZ-WWC-00030221, (26) AMZ-WWC-00043194–98, (27) AMZ-WWC-00043199. (Doc. 53, #2099).

of its Memorandum in support of its Motion for Summary Judgment, its Statement of Proposed Undisputed Facts, the Bundy Declaration, and the Kraft Declaration. (*Id.* at #6931). Amazon seeks to redact the segments of these documents that refer to the various confidential documents in the first Motion to Seal. (*Id.* at #6931–32). For the reasons below, the Court **GRANTS** both Unopposed Motions to Seal (Docs. 53, 69).[2]

## LAW AND ANALYSIS

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). But when it comes to sealing, that "decision is not accorded the deference that standard normally brings." *Id.* So to avoid abusing its discretion, a district court must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

A district court has an independent obligation, regardless of the parties' agreement, to determine whether sealing is warranted. *See Proctor* (sic) *& Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)) ("A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot

---

[2] The parties also mention that Amazon intends to cite excerpts of Daniel Whelan's deposition that Weekend Warrior had previously designated confidential. (Doc. 53, #2098). Because Weekend Warrior states that it has withdrawn those confidentiality designations to allow Amazon to file those excerpts publicly, the Court does not address that document. (*Id.*).

2

waive the public's First Amendment and common law right of access to court filings.").

In response to a motion to seal, this Court must determine whether the movant overcomes the "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. That's no easy task for the movant. To assess whether the movant has made the necessary showing, the Court considers "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). The Sixth Circuit has repeatedly cautioned that "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (brackets and citation omitted). Further, any sealing order must be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305. To meet this narrow-tailoring requirement, the movant must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Relevant here, an interest in protecting sensitive business information and trade secrets whose disclosure could result in a competitive disadvantage can be sufficient to support sealing. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sep. 20, 2017) (recognizing an interest in sealing "confidential information that would otherwise allow competitors an inside look at a

company's business strategies"); *Morris v. Tyson Chicken, Inc.*, No. 4:15-cv-77, 2020 WL 3442177, at *2 (W.D. Ky. June 23, 2020) (denying motion to unseal documents that contain "confidential business information that could harm [defendant's] competitive standing"); *Total Quality Logistics, LLC, v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sep. 30, 2020) (granting motion to seal documents and spreadsheets that would reveal customer names and financial information).

An interest in protecting private third-party information can also serve as a compelling reason to seal documents. *See Shane Grp.*, 825 F.3d at 308 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation."); *Brown & Williamson*, 710 F.2d at 1179 (providing for an exception to the general right of access when "certain privacy rights of participants or third parties" are involved); *Veritas Indep. Partners LLC v. Ohio Nat'l Life Ins. Co.*, No. 1:18-cv-769, 2022 WL 1749024, at *2 (granting motion to seal because third parties' names were not relevant to Court's decision).

Here, in the first Motion, Plaintiff Weekend Warrior seeks to seal various documents on which it intends to rely on for its upcoming Motion for Summary Judgment. (Doc. 53, #2098). While it is Plaintiff who technically seeks leave, it essentially is seeking leave to seal on Amazon's behalf, as the documents were "designated as Confidential or Attorneys' Eyes Only by Amazon." (*Id.*). In light of that, the parties filed a Joint Motion to Seal where Weekend Warrior "agreed not to oppose Amazon's effort to file this evidence under seal," but turned to Amazon to "provide justifications" for it. (*Id.* at #2098–99). Amazon, for its part, provided

4

arguments as to why sealing is necessary. (*Id.* at #2100 ("Defendants' Requests to Seal")). As to the second Motion, Amazon directly seeks leave to file under seal portions of its Memorandum in support of its Motion for Summary Judgment, its Statement of Undisputed Facts, the Bundy Declaration, and the Kraft declaration, which all refer to the first set of documents. (Doc. 69, #6931). Its arguments track the arguments in the first motion. So whether the first set of documents can be filed under seal will largely determine the fate of the second set.

To recap, under *Shane Group*, the Court must determine whether the asserted confidentiality and competitive interests are compelling, whether the interests served by sealing this information outweigh the value of public disclosure, and also whether the seal is narrowly tailored to protect those privacy interests.

Amazon argues that it meets the *Shane Group* standard. (Doc. 53, #2100). To start, Amazon divides the first set of documents into two categories; it seeks leave to seal those documents identified in Exhibit A only in part (filing redacted copies publicly) whereas it wishes to completely seal those documents identified in Exhibit B. (*Id.*). It argues that the documents at issue, in both categories, contain sensitive financial and operations information. (*Id.* at #2100–01). If these documents were not sealed, at least in part, then Amazon's "bargaining position" would be weakened. (*Id.*). Additionally, Amazon claims these documents could expose innocent third-party information, which could "invite unwanted contact or harassment, and chill future reporting of infringement." (*Id.* at #2102). Amazon argues that these are sufficiently compelling reasons to seal, and the request is narrowly tailored because it "does not

5

seek to seal entire documents where line-by-line redactions suffice." (*Id.* at #2102–03).

For the second set of documents, Amazon argues that its references to the first set of documents will expose the same confidential financial and operations information as well as third-party information. (Doc. 69, #6932–34). It claims this request is also narrowly tailored because it only seeks leave to file these documents under seal in part; it solely wishes to redact the portions involving the first documents. (*Id.* at #6934).

The Court finds this is one of the rare instances that meets *Shane Group*'s demanding burden. Amazon has provided several compelling interests. First, the Court concludes that portions of the documents contain confidential business information, including financial and operations information, disclosure of which would create a competitive disadvantage for Amazon. Amazon asserts that disclosing the financial information would "reveal Amazon's unit economics, undercut its pricing strategy, and give competitors and counterparties unfair negotiating leverage, thereby weakening Amazon's bargaining position." (Doc. 53, #2101). And the Court has no reason to doubt Amazon's assertion that the documents at issue contain proprietary "product-level sales records, margins, cost allocations, advertising revenue, profit analyses, and other highly confidential internal financial reporting." (*Id.*). Moreover, the information at issue is sufficiently specific and detailed such that its disclosure could harm their competitive standing. (*Id.*); *see Total Quality Logistics*, 2020 WL 5849408, at *2 ("This Court has repeatedly recognized

6

that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." (cleaned up)).

Likewise, Amazon seeks to seal non-public operations information, including "proprietary standard operating procedures; business strategies; notice-validation tools; database structure; content-moderation signals, features and thresholds; account-verification and risk-tiering gates; merchant and product listing risk criteria; intellectual property protection protocols; internal organizational structure and escalation paths; and proprietary, internal image recognition tools." (Doc. 53, #2101). Should this information become publicly known, Amazon argues, it would create a security risk by "inviting circumvention by bad actors, enabling targeted abuse and social-engineering attacks, degrading platform safety for consumers and rights holders, and compromising the integrity of ongoing trust-and-safety operations." (*Id.*). Moreover, it could allow competitors to imitate these processes, thereby allowing them to "unfairly appropriate" Amazon's operations. (*Id.*). The Court agrees that this could undermine Amazon's standing and reduce the value of this information. *See Morris,* 2020 WL 3442177, at *2.

Lastly, Amazon asserts that these documents contain third-party information, such as "identities and contact information of content creators and notice submitters." (Doc. 53, #2102). Third-party information "weigh[s] heavily in a court's balancing equation," *Shane Grp.*, 825 F.3d at 308, especially here where it could "chill future

7

reporting of infringement," (Doc. 53, #2102). So the Court recognizes this as an additional compelling interest.

Of course, a compelling interest is only half the story; on the other side sits the public interest in disclosure. *Shane Group* articulates several reasons why the public might have an interest in an open review of a court's docket materials. For example, a public docket ensures the public's right to guard against corruption and the public's right to be on notice about what does and what does not violate the law. *Shane Grp.*, 825 F.3d at 305. Likewise, the public may have a legitimate interest in knowing the basis for the Court's decision in a given case. *See Brown & Williamson*, 710 F.2d at 1180–81. Amazon does not address the public's interest or lack thereof. And at least some of the documents contain information like "intellectual property protection protocols" and "internal notice-validation tools." (Doc. 53, #2016–07). These may prove relevant to the Court's ultimate decision on Plaintiff Weekend Warrior's copyright claims, particularly that Amazon had actual knowledge of the infringement or refused to act on that knowledge. (Am. Compl., Doc. 17, #133–34). Nonetheless, most of the information is non-public financial information or other proprietary operations information that would only benefit competitors or harm third parties. Additionally, should the case continue, "the parties expressly agreed to reserve the right to seek to de-designate some or all of the evidence sought to be sealed for the purposes of summary judgment so that it may be filed publicly at a later date," including at trial. (Doc. 53, #2098–99).[3]

---

[3] The parties make the same reservation in the second Motion to Seal. (Doc. 69, #6931).

8

The Court finds that publicly filing redacted versions of some of the documents will provide the public a sufficient understanding of the parties' arguments and the Court's ultimate decision, and will do so in a manner that protects Amazon's confidential financial and operations information as well as third-party details. *See London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (finding that the "public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made").

Finally, turn to the narrow-tailoring requirement. Here, Amazon requests the documents in the first motion be divided into categories. (Doc. 53, #2102). It asks the Court to seal the documents listed in Exhibit A only in part, whereas the documents listed in Exhibit B would be sealed in full. (*Id.*). In each of the exhibits, Amazon describes the document and states the basis for the alleged confidentiality. (*Id.* at #2106–12). In Exhibit B, Amazon also explains why it believes the document could not be redacted and instead must be sealed in full. (*Id.* at #2108–12). Mostly, those documents are spreadsheets that "are not conducive to redaction," or the non-public financial/operations information is "too pervasive." (*Id.*). Amazon argues these "targeted redactions" where possible satisfy the narrow-tailoring requirement. (*Id.* at #2102). Filing redacted copies on the Court's docket generally satisfies this requirement. *See Exec. Jet Mgmt. Inc. v. Longbow Enter., LLC*, No. 1:21-cv-74, 2021 WL 4952705, at *2 (S.D. Ohio Apr. 1, 2021). While the Court normally refrains from sealing entire documents, this document-by-document approach is narrowly tailored,

9

and the Court agrees that certain documents could not readily be redacted (primarily the spreadsheets). Therefore, the parties met their burden to justify sealing the documents in the first motion under *Shane Group*.

Because the documents in the first motion merit sealing, the Court also concludes that Amazon can file under seal portions of the documents listed in the second motion. The second motion relies on the same interests as the first, which the Court finds are compelling. (Doc. 69, #6932–34). Amazon only seeks leave to seal the documents in part, so it will publicly file redacted copies that provide the public sufficient context for the Court's ultimate decision. *See London Comput. Sys., Inc.*, 2019 WL 4110516, at *4. And it provided a similar document-by-document chart describing what confidential information each document contains. (Doc. 69, #6936). So the Court finds the second request is also narrowly tailored. Thus, Amazon satisfied the *Shane Group* standard for the second set of documents, too.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff Weekend Warrior Clothing, LLC's, and Defendants Amazon.com Services, LLC and Amazon.com, Inc.'s Unopposed Joint Motion to Seal (Doc. 53) as well as Defendants' Unopposed Motion to Seal (Doc. 69). The documents listed in both Motions may be filed with the Court under seal in their unredacted form. The redacted versions of each document listed in Exhibit A, (Doc. 53, #2106–07), and of all of the documents listed in the second Motion, (Doc. 69, #6931), shall be filed on the public docket.

**SO ORDERED.**

November 13, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

11