IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Weekend Warrior Clothing, LLC,<br><br>                     *Plaintiff*,<br><br>   v.<br><br>Amazon.com Services, LLC;<br>Amazon.com, Inc.,<br><br>                    *Defendants*. | Case No. 1:23-cv-00752<br>Judge Douglas R. Cole<br>Magistrate Judge Stephanie K. Bowman |

**DEFENDANTS AMAZON.COM SERVICES LLC AND
AMAZON.COM, INC.'S UNOPPOSED MOTION TO SEAL**

**MOTION**

Defendants Amazon.com Services LLC and Amazon.com, Inc. (collectively, "Amazon") respectfully submit this Memorandum of Law in support of their Unopposed Motion to Seal documents listed in Exhibit A hereto, which are related to its Opposition to Plaintiff Weekend Warrior Clothing, LLC's Motion for Summary Judgment. Amazon seeks leave to file under seal portions of each of the following documents:

- Amazon's Memorandum in support of its Opposition to Plaintiff Weekend Warrior Clothing, LLC's Motion for Summary Judgment ("Memorandum")
- Amazon's Response to Weekend Warrior's Statement of Proposed Undisputed Facts ("Response to Statement")

S.D. Ohio Civ. R. 5.2.1 requires an application to the Court for permission to file documents under seal. Pursuant to S.D. Ohio Civ. R. 7.3 and this Court's Standing Order on Civil Procedures, counsel for Defendants conferred with Plaintiff's counsel on November 20, 2025. Plaintiff has confirmed that it does not oppose Amazon's effort to file these documents under seal for the purpose of summary judgment only and reserves the right to seek to permit them to be discussed in open court during trial. Plaintiff also does not concede that these documents should be withheld from the public docket for the entirety of the litigation and reserves the right to seek to de-designate them so that they may be filed publicly at a later date.

**MEMORANDUM OF LAW**

The underlying information sought to be filed under seal by this motion is the same information and same type of information that Amazon sought leave to file under seal in the Unopposed Joint Motion to Seal filed by the Parties in this matter on October 15, 2025 (Doc. 53) and the Unopposed Motion to Seal filed by Amazon in this matter on October 24, 2025 (Doc. 69).

The prior motions sought to file under seal confidential documents that Amazon intended to rely on in support of its motion for summary judgment, including segments of its Memorandum in support of its Motion for Summary Judgment, its Statement of Proposed Undisputed Facts, the Bundy Declaration, and the Kraft Declaration, all of which refer to the confidential documents mentioned in the first Motion. The Court has granted both sealing motions. (Doc. 71.)

The current motion seeks to file under seal the portions of its Memorandum and Response to Statement that discuss those confidential documents and similar information. For the reasons detailed below, Amazon now requests to seal the Memorandum and Response to Statement, consistent with the reasons provided in its prior sealing motions. Amazon does not seek to seal the entirety of any of the two documents.

In the Sixth Circuit, materials may be sealed "only for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The proponent must also provide reasons "document by document," sufficient for the court to make "specific findings and conclusions." *Shane Grp.*, 825 F.3d at 305. The request must also be "narrowly tailored." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019). A sworn declaration is necessary to establish those specific, document-by-document facts. *See Stringfellow v. XP Servs., Inc.*, 2025 WL 1576490, at *2 (E.D. Tenn. Jan. 2, 2025).

Amazon believes its request meets this standard and provides information that satisfies the "compelling reasons to seal" threshold. (Egger Decl., ¶¶ 4–7, Doc. 53-1 at PageID 2113–15.)

**Financial information**: Amazon's Memorandum and Response to Statement contain proprietary non-public financial information, including product-level sales and revenue data. Public disclosure would, among other things, reveal Amazon's unit economics, undercut its pricing strategy, and give competitors and counterparties unfair negotiating leverage, thereby weakening

Amazon's bargaining position. The Sixth Circuit recognizes that protecting trade secrets and confidential business information, which would "allow competitors an inside look at a company's business strategies," is a "compelling reason" to restrict public access to the filings. *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)). The documents should be partially sealed for at least this reason. (Egger Decl., ¶ 5, Doc. 53-1 at PageID 2114.) The Court has previously granted two sealing motions as to documents containing the same type of proprietary, non-public financial and sales information at issue here. (Doc. 71 at PageID 6950-51, 6954).

**Operations information**: Amazon's Memorandum and Response to Statement contain proprietary non-public financial information, including proprietary standard operating procedures; business strategies; notice-validation tools; database structure; content-moderation signals, features, and thresholds; account-verification and risk-tiering gates; merchant and product listing risk criteria; intellectual property protection protocols; internal organizational structure and escalation paths; and proprietary, internal image recognition tools. Courts recognize protection of trade secrets and confidential business operations because when "information that derives value from not being generally known becomes more widely known, its value is necessarily diminished." *Williams-Sonoma Direct, Inc. v. Arhaus, LLC*, 109 F. Supp. 3d 1009, 1018 (W.D. Tenn. 2015). The portions of the documents identified above relating to "operations" should be sealed for at least this reason. Making this information publicly available would disclose Amazon's enforcement and security guardrails, inviting circumvention by bad actors, enabling targeted abuse and social-engineering attacks, degrading platform safety for consumers and rights holders, and compromising the integrity of ongoing trust-and-safety operations. (Egger Decl., ¶ 6, Doc. 53-1 at

PageID 2114–15.) Additionally, providing competitors access to these materials would allow them to replicate Amazon's processes and operational know-how without comparable investment, reverse-engineer SOPs and decision thresholds, and unfairly appropriate Amazon's innovation and process advantages, diminishing Amazon's competitive position. (*Id*.) The Court has previously granted two sealing motions as to documents containing substantially similar confidential operational, enforcement, and trust-and-safety information at issue here. (Doc. 71 at PageID 6951, 6954).

**Third-party information**: When the public disclosure of a document exposes third-parties' personally identifying information, invite unwanted contact or harassment, and chill future reporting of infringement—harms tied to the "privacy rights of participants or third parties," the Sixth Circuit recognizes this as "content-based exceptions to the right of access" and a basis for sealing when supported by a particularized showing and narrow tailoring. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). Amazon's Memorandum and Response to Statement contain information which includes references to confidential information of third parties and therefore should be sealed for at least this reason. By way of example, they include third-party contact information. (Egger Decl., ¶ 7 Doc. 53-1 at PageID 2115.) The Court has previously granted two sealing motions as to documents containing similar third-party identifying and contact information and related privacy-sensitive material at issue here. (Doc. 71 at PageID 6951-52, 6954).

The information above is maintained as confidential within Amazon. Access is limited to authorized personnel who require such information, and any disclosures to third parties are permitted solely under nondisclosure agreements and stringent platform security protocols.

**CONCLUSION**

Amazon requests leave from the Court to file under seal its Memorandum and Response to Statement, consistent with Sixth Circuit requirements. In Exhibit A, attached hereto, Amazon provides a document-by-document justification for the portions sought to be filed under seal which will be identified by highlighting in the documents provided to the Court. Amazon's targeted redactions are "narrowly tailored," as the Sixth Circuit requires.

The relief sought is no broader than necessary. Amazon does not seek to seal entire documents but rather line-by-line redactions and will provide unredacted versions for the Court's review.

November 21, 2025

    Respectfully submitted,

    /s/ Ryan L. Frei
    Gregory F. Ahrens
    Wood Herron & Evans LLP
    600 Vine Street, Suite 2800
    Cincinnati, OH 45202
    Telephone: (513) 241-2324
    gahrens@whe-law.com

    Ryan L. Frei (*pro hac vice*)
    Klaus H. Hamm (*pro hac vice*)
    Ziyu Ma (*pro hac vice*)
    Todd M. Siegel (*pro hac vice*)
    KLARQUIST SPARKMAN, LLP
    121 SW Salmon Street, Suite 1600
    Portland, Oregon 97204
    Telephone: (503) 595-5300
    Facsimile: (503) 595-5301
    ryan.frei@klarquist.com
    klaus.hamm@klarquist.com
    ziyu.ma@klarquist.com
    todd.siegel@klarquist.com

Moez M. Kaba
Jessica N. Trafimow
HUESTON HENNIGAN LLP
1 Little West 12th Street, 2nd Floor
New York, NY 10014
Telephone: (646) 930-0415
mkaba@hueston.com
jtrafimow@hueston.com

Christine Woodin
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4099
cwoodin@hueston.com

Sourabh Mishra
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 356-5536
smishra@hueston.com

*Counsel for Defendants*
*Amazon.com Services LLC and*
*Amazon.com, Inc.*

# EXHIBIT A
## DOCUMENTS TO BE FILED UNDER SEAL IN PART

| No. | Document Title | Information Sought to be Filed Under Seal |
|---|---|---|
| 1 | Amazon's Memorandum in support of its Opposition to Plaintiff Weekend Warrior Clothing, LLC's Motion for Summary Judgment | Financial information. Proprietary non-public financial information on revenue, margin, cost, profit of sales of accused products, with product-level disclosure and timing information.<br><br>Operations information. Proprietary non-public business operations information summarizing non-public standard operating procedures with highly confidential database structure and features, intellectual property protection protocols, disclosure of risk signals and thresholds, internal organizational structure and business strategies, and disclosure of highly sensitive internal notice-validation tools.<br><br>Third-party information. Confidential third-party contact information. |
| 2 | Amazon's Response to Weekend Warrior's Statement of Proposed Undisputed Facts | Financial information. Proprietary non-public financial information on revenue, margin, cost, profit of sales of accused products, with product-level disclosure and timing information.<br><br>Operations information. Proprietary non-public business operations information standard operating procedures with highly confidential database structure and features, intellectual property protection protocols, disclosure of risk signals and thresholds, internal organizational structure and business strategies, and disclosure of highly sensitive internal notice-validation tools.<br><br>Third-party information. Confidential third-party contact information |

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 21, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel or record registered with the Court's CM/ECF system as follows:

| | |
|---|---|
| Gary F. Franke | Keith J. Wesley |
| gff@garyfrankelaw.com | kwesley@ellisgeorge.com |
| Gary F. Franke Co., LPA | Matthew L. Venezia |
| 201 E. Fifth Street, Suite 910 | mvenezia@ellisgeorge.com |
| Cincinnati, OH 45202 | George B. A. Laiolo |
| | glaiolo@ellisgeorge.com |
| | Elizabeth Carpenter |
| | ecarpenter@ellisgeorge.com |
| | Amanda Mannshahia |
| | amannshahia@ellisgeorge.com |
| | Diane Torosyan |
| | dtorosyan@ellisgeorge.com |
| | Ellis George LLP |
| | 2121 Avenue of the Stars, 30th Floor |
| | Los Angeles, CA 90067 |

            */s/ Ryan L. Frei*
            Ryan L. Frei