IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Weekend Warrior Clothing, LLC, | |
| *Plaintiff*, | |
| v. | Case No. 1:23-cv-00752<br>Judge Douglas R. Cole<br>Magistrate Judge Stephanie K. Bowman |
| Amazon.com Services, LLC;<br>Amazon.com, Inc., | |
| *Defendants.* | **CONFIDENTIAL – SUBJECT TO<br>PROTECTIVE ORDER** |

**DEFENDANTS AMAZON.COM SERVICES, LLC AND
AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFF WEEKEND
WARRIOR CLOTHING, LLC'S MOTION FOR SUMMARY JUDGMENT**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................................1

BACKGROUND ................................................................................................................8

    I.       Amazon Merch on Demand Has Comprehensive Anti-Infringement Systems .......8

    II.      Weekend Warrior's Pre-Suit Notices Raised Legitimate Verification Concerns .....9

    III.    Amazon's Prompt and Comprehensive Post-Lawsuit Response ..........................11

    IV.    Weekend Warrior's Purported "Creativity" Is Simple Copying ..........................12

    V.      Weekend Warrior Submitted Inaccurate Copyright Registration Applications .....13

LEGAL STANDARD ......................................................................................................15

ARGUMENT .................................................................................................................16

    I.       Weekend Warrior's Motion Should Be Denied for Failure to Meet Its Burden of Proof at Summary Judgment...................................................................................16

    II.      Weekend Warrior Is Not Entitled to Summary Judgment of Direct Infringement.19

           A.    Weekend Warrior Has Not Established the Elements of Direct Infringement.................................................................................................19

                  1.    Weekend Warrior Has Not Established that the Asserted Copyrights Are Valid................................................................ 19

                  2.    Weekend Warrior is Not Entitled to Summary Judgment on Copying............................................................................... 32

                  3.    Weekend Warrior Does Not Address the Volitional Conduct Requirement ........................................................................ 34

            B.    Weekend Warrior Does Not Seek Summary Judgment on Amazon's Defenses.................................................................................................35

                  1.    Weekend Warrior Cannot Establish Liability for 107 Listings Protected by the DMCA Safe Harbor ........................... 36

                    2.    Amazon Disputes Weekend Warrior's Claim That It Has Valid Copyright Registrations ............................................... 38

            C.    Weekend Warrior Is Not Entitled to Summary Judgment on Five Disregarded Copyrights ...........................................................................44

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

III.    Weekend Warrior Is Not Entitled to Summary Judgment on Its Indirect Infringement Claims ................................................................................46

    A.    Weekend Warrior Cannot Succeed on Its Contributory Copyright Infringement Claim ....................................................................47

    B.    Weekend Warrior Cannot Succeed on Its Vicarious Copyright Infringement Claim ....................................................................48

IV.    Weekend Warrior Is Not Entitled to Summary Judgment of Willful Infringement ................................................................................50

    A.    Weekend Warrior's Failure to Analyze Willfulness on a Work-by-Work Basis Is Fatal to Its Motion ......................................................51

    B.    Weekend Warrior Cannot Obtain a Willfulness Finding as a Matter of Law for 46 of the 48 Asserted Copyrights ..........................................52

    C.    The Undisputed Facts Foreclose Any Finding of Willfulness, and At Minimum, Genuine Disputes of Material Fact Preclude Summary Judgment for the Remaining Two Works .....................................................53

        1.    No Reasonable Jury Could Find that Amazon Acted Knowingly or Recklessly to Allegedly Infringe Weekend Warrior's Copyrights 53

        2.    At Best for Weekend Warrior, Factual Disputes Preclude Summary Judgment of Willfulness ............................................. 55

CONCLUSION ................................................................................58

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Adams v. Union Carbide Corp.*,
    737 F.2d 1453 (6th Cir. 1984)....................................................................... 34

*Adobe Sys. Inc. v. Canus Prods., Inc.*,
    173 F. Supp. 2d 1044 (C.D. Cal. 2001) ..................................................... 7, 47, 49

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................ 22, 55

*Andy Warhol Found. for the Visual Arts, Inc., v. Goldsmith*,
    598 U.S. 508 (2023) ...................................................................................... 29

*Arista Recs. LLC v. Myxer Inc.*,
    No. CV 08-03935 GAF (JCx), 2011 WL 11660773 (C.D. Cal. Apr. 1, 2011) ................... 48, 49

*Art of Design, Inc. v. Pontoon Boat, LLC*,
    No. 3:16-CV-595-JD-JEM, 2019 WL 3749990 (N.D. Ind. Aug. 8, 2019) ................................. 42

*ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
    402 F.3d 700 (6th Cir. 2005).....................................................................Passim

*Average Joe's Ent. Grp., LLC v. SoundCloud, LTD.*,
    No. 3:16-cv-3294-JPM-JB, 2018 WL 6582829 (M.D. Tenn. Oct. 17, 2018)........................... 34

*Becknell v. Univ. of Ky.*,
    383 F. Supp. 3d 743 (E.D. Ky. 2019) ...................................................................... 18

*Bell v. Startup Prod., LLC*,
    No. CV 5:18-02-DCR, 2018 WL 6068998 (E.D. Ky. Nov. 20, 2018)...................................... 49

*Bell v. Worthington City Sch. Dist.*,
    No. 2:18-cv-961, 2020 WL 2905803 (S.D. Ohio June 2, 2020)............................................... 28

*Bridgeport Music, Inc. v. TufAmerica, Inc.*,
    No. 19 IV. 01764 (PGG), 2023 WL 4763725 (S.D.N.Y. July 26, 2023) .................................... 35

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*,
    585 F.3d 267 (6th Cir. 2009)........................................................................... 7, 50

*Calibrated Success, Inc. v. Charters*,
    72 F. Supp. 3d 763 (E.D. Mich. 2014)................................................................ 8, 50, 55

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Campbell v. Acuff-Rose Music, Inc.*,
  510 U.S. 569 (1994) ...................................................................................... 28, 29, 31

*Capitani v. World of Miniature Bears, Inc.*,
  552 F. Supp. 3d 781 (M.D. Tenn. 2021) .......................................................... 54

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .......................................................................................... 15

*Cockrel v. Shelby Cnty. Sch. Dist.*,
  270 F.3d 1036 (6th Cir. 2001)........................................................................... 15

*CoStar Grp., Inc. v. LoopNet, Inc.*,
  373 F.3d 544 (4th Cir. 2004)......................................................................... 5, 19

*Daedalus Blue, LLC v. Microstrategy Inc.*,
  No. 2:20CV551 (RCY), 2023 WL 6221774 (E.D. Va. Sept. 25, 2023) ............ 24, 33

*Dawit v. Meharry Med. Coll.*,
  721 F. Supp. 3d 647 (M.D. Tenn. 2024) ........................................................... 34

*Dean v. Cameron*,
  53 F. Supp. 3d 641 (S.D.N.Y. 2014) ................................................................. 18

*Design Basics, LLC v. Ashford Homes, LLC*,
  No. 1:17-CV-273, 2018 WL 6620438 (S.D. Ohio Dec. 18, 2018) ..................... 32

*dmarcian, Inc. v. DMARC Advisor BV*,
  No. 1:21-CV-00067-MR, 2024 WL 1916715 (W.D.N.C. May 1, 2024)................. 42

*Durham Indus., Inc. v. Tomy Corp.*,
  630 F.2d 905 (2d Cir. 1980).............................................................................. 20

*Emerson v. Norvartis Pharm. Corp.*,
  446 F. App'x 733 (6th Cir. 2011)....................................................................... 18

*Erickson Prods., Inc. v. Kast*,
  921 F.3d 822 (9th Cir. 2019).............................................................................. 54

*Evans v. Walgreen Co.*,
  813 F. Supp. 2d 897 (W.D. Tenn. 2011) ........................................................... 15

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ............................................................................... 19, 20, 21

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Flynn v. Health Advoc., Inc.*, No. Civ.A.,
  03-3764, 2004 WL 51929 (E.D. Pa. Jan. 13, 2004) ............................................................. 6, 44

*FurnitureDealer.net, Inc. v. Amazon.com, Inc.*,
  No. CV 18-232 (JRT/HB), 2019 WL 3738622 (D. Minn. Aug. 8, 2019) ................................. 36

*Gee v. CBS, Inc.*,
  471 F. Supp. 600 (E.D. Pa. 1979) ....................................................................................... 44

*Geospatial Tech. Assocs., LLC v. U.S.*,
  171 Fed. Cl. 288 (2024) ....................................................................................................... 43

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ............................................................................................................. 50

*Greg Young Publ'g, Inc. v. Zazzle, Inc.*,
  2017 WL 2729584 (C.D. Cal. May 1, 2017) ..................................................................... 6, 36

*Guba v. Huron Cnty., Ohio*,
  695 F. App'x 98 (6th Cir. 2017) ............................................................................................. 3

*Harper & Row Publishers, Inc. v. Nation Enters.*,
  471 U.S. 539 (1985) ............................................................................................................. 31

*Hayden v. 2K Games, Inc.*,
  629 F. Supp. 3d 736 (N.D. Ohio 2022) ............................................................................ 22, 23

*Hendrickson v. Amazon.Com, Inc.*,
  298 F. Supp. 2d 914 (C.D. Cal. 2003) ................................................................................. 38

*Heritage Homes, LLC v. Benjamin Custom Homes, LLC*,
  No. 3:18-CV-271, 2020 WL 12441962 (D.N.D. May 27, 2020) ............................................. 42

*Hiller, LLC v. Success Grp. Int'l Learning All., LLC*,
  976 F.3d 620 (6th Cir. 2020) ...................................................................................... 4, 27, 32

*Hi-Tech Video Prods., Inc. v. Cap. Cities/ABC, Inc.*,
  58 F.3d 1093 (6th Cir. 1995) ............................................................................................... 20

*Home Design Servs., Inc. v. Great Am. Homes of Memphis, L.L.C.*,
  No. 03-2742 MA/A, 2006 WL 8435810 (W.D. Tenn. June 13, 2006) ...................................... 49

*Hunt v. Cromartie*,
  526 U.S. 541 (1999) ............................................................................................................. 15

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Hunter v. Caliber Sys., Inc.*,
  220 F.3d 702 (6th Cir. 2000) ........................................................................ 46

*Integrated Bar Coding Sys., Co. v. Wemert*,
  No. 04-60271, 2007 WL 496464 (E.D. Mich. Feb. 12, 2007) ...................... 35

*Io Grp., Inc. v. Veoh Networks, Inc.*,
  586 F. Supp. 2d 1132 (N.D. Cal. 2008) ....................................... 38, 53, 54

*Jedson Eng'g, Inc. v. Spirit Constr. Servs., Inc.*,
  720 F. Supp. 2d 904 (S.D. Ohio 2010) ..................................................... 5, 33

*Kohus v. Mariol*,
  328 F.3d 848 (6th Cir. 2003) .......................................................... 17, 19, 20

*Krikor v. Sports Mall, LLC*,
  No. CV 22-5600, 2023 WL 2372068 (C.D. Cal. Jan. 24, 2023) ................ 57, 58

*L. Batlin & Son, Inc. v. Snyder*,
  536 F.2d 486 (2d Cir. 1976) ......................................................................... 21

*L.A. Westermann Co. v. Dispatch Printing Co.*,
  249 U.S. 100 (1919) ...................................................................................... 18

*Lee v. Amazon.com Inc.*,
  No. 221CV01090RAJBAT, 2023 WL 6931800 (W.D. Wash. July 27, 2023) .............. 33, 38

*Lieb v. Korangy Publ'g, Inc.*,
  No. CV 15-0040 (AYS), 2022 WL 1124850 (E.D.N.Y. Apr. 14, 2022) .............. 39, 40, 41, 42

*Loc. No. 499, Bd. of Trs. of Shopmen's Pension Plan v. Art Iron, Inc.*,
  117 F.4th 923 (6th Cir. 2024) ....................................................................... 34

*Luvdarts, LLC v. AT&T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) ...................................................................... 48

*McDermott v. Kalita Mukul Creative Inc.*,
  757 F. Supp. 3d 301 (E.D.N.Y. 2024) .......................................................... 56

*McPherson v. Kelsey*,
  125 F.3d 989 (6th Cir. 1997) .................................................................. Passim

*Melk v. Pa. Med. Soc'y*,
  No. CIV.A. 08-3515, 2011 WL 2582105 (E.D. Pa. June 29, 2011) .............. 44, 45

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*,
    528 F.3d 1258 (10th Cir. 2008) ................................................................ 4

*Moseley v. Meharry Med. Coll.*,
    No. 3:19-CV-00608, 2022 WL 3330947 (M.D. Tenn. Aug. 11, 2022) ...................................... 18

*Motorola, Inc. v. Pick*,
    No. CV 04-2655 ABC (SHx), 2005 WL 5918849 (C.D. Cal. May 26, 2005) ...................... 7, 46

*Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*,
    361 F.3d 312 (6th Cir. 2004) ................................................................ 44

*Music, Inc. v. Meadowlake, Ltd.*,
    754 F.3d 353 (6th Cir. 2014) ................................................... 7, 46, 48

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*,
    299 F. App'x 509 (6th Cir. 2008) ......................................... 6, 45, 49

*Navarro v. Procter & Gamble Co.*,
    515 F. Supp. 3d 718 (S.D. Ohio 2021) ........................................... Passim

*NCR Corp. v. Korala Assocs., Ltd.*,
    512 F.3d 807 (6th Cir. 2008) ................................................... 7, 46, 47

*New Form, Inc. v. Cozumel Films, LLC*,
    2006 WL 8433989 (C.D. Cal. Mar. 15, 2006) ..................................... 53

*Northgate Lincoln-Mercury Inc. v. Ford Motor Co.*,
    507 F. Supp. 3d 940 (S.D. Ohio 2020) ........................................ 16, 52

*Perfect 10, Inc. v. CCBill LLC*,
    488 F.3d 1102 (9th Cir. 2007) ................................................................ 37

*Philpot v. L.M. Commc'ns II of S.C., Inc.*,
    343 F. Supp. 3d 694 (E.D. Ky. 2018) ........................................... 58

*Philpot v. Toledo Radio, LLC*,
    No. 3:15CV1401, 2016 WL 5118282 (N.D. Ohio Sept. 21, 2016) ......................... 58

*R.C. Olmstead, Inc. v. CU Interface, LLC*,
    606 F.3d 262 (6th Cir. 2010) ................................................. 1, 4, 17, 20

*Rich & Rich P'ship v. Poetman Records USA, Inc.*,
    714 F. Supp. 2d 657 (E.D. Ky. 2010) ................................................ 1

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Ricks v. Pauch*,
No. 17-12784, 2020 WL 1640166 (E.D. Mich. Apr. 2, 2020)....................................... 18

*RJ Control Consultants, Inc. v. Multiject, LLC*,
100 F.4th 659 (6th Cir. 2024)......................................................................................... 19

*SA Music, LLC v. Apple, Inc.*,
592 F. Supp. 3d 869 (N.D. Cal. 2022)...................................................................... 54, 55

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*,
804 F. App'x 668 (9th Cir. 2020)............................................................................... 6, 43

*Shell v. Lautenschlager*,
No. 1:15-CV-1757, 2017 WL 4919206 (N.D. Ohio Oct. 31, 2017) .................... 51, 52

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
464 U.S. 417 (1984) ................................................................................................ 47, 49

*Stability Sols., LLC v. Medacta USA, Inc.*,
No. 3:23-cv-00072, 2024 WL 5248245 (M.D. Tenn. Dec. 30, 2024) ........................... 1

*Starbuzz Tobacco, Inc. v. Gold Star Tobacco Inc.*,
No. SACV1900408JVSDFMX, 2019 WL 12446075 (C.D. Cal. July 3, 2019)........................ 41

*Stoddard v. United States*,
664 F. Supp. 2d 774 (E.D. Mich. 2009).......................................................................... 46

*Subafilms, Ltd. v. MGM-Pathe Comms. Co.*,
24 F.3d 1088 (9th Cir. 1994)........................................................................................... 57

*Tempo Music, Inc. v. Famous Music Corp.*,
838 F. Supp. 162 (S.D.N.Y. 1993) .................................................................................. 28

*Tomelleri v. SunFrog, LLC*,
721 F. Supp. 3d 566 (E.D. Mich. 2024)..................................................................... 5, 34

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,
718 F.3d 1006 (9th Cir. 2013)................................................................................... 37, 38

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
595 U.S. 178 (2022) ......................................................................................................... 39

*Varsity Brands, Inc. v. Star Athletica, LLC*,
799 F.3d 468 (6th Cir. 2015)..................................................................................... 19, 27

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Ventura Content, Ltd. v. Motherless, Inc.*,
  885 F.3d 597 (9th Cir. 2018)................................................................. 37

*Ventura Content, Ltd. v. Motherless, Inc.*,
  No. 2:11-CV-5912-SVW-FMO, 2013 WL 11237204 (C.D. Cal. July 3, 2013) ....... 38

*VHT, Inc. v. Zillow Grp., Inc.*,
  918 F.3d 723 (9th Cir. 2019)................................................................. 56

*Wickham v. Knoxville Int'l Energy Exposition, Inc.*,
  739 F.2d 1094 (6th Cir. 1984)............................................................... 17

*Willis v. Barry Graham Oil Serv. LLC*,
  636 F. Supp. 3d 684 (W.D. La. 2022)......................................... 5, 24, 34

<u>Statutes</u>

17 U.S.C. § 101................................................................................... 27

17 U.S.C. § 103(a) ..................................................................... 4, 26, 27

17 U.S.C. § 107................................................................................... 28

17 U.S.C. § 409(9)............................................................................... 40

17 U.S.C. § 410(c) ............................................................................... 20

17 U.S.C. § 411................................................................................... 43

17 U.S.C. § 411(a) ......................................................................... 39, 44

17 U.S.C. § 411(b) ......................................................................... 39, 42

17 U.S.C. § 412................................................................................... 52

17 U.S.C. § 504(c)(1)........................................................................... 51

17 U.S.C. § 504(c)(2).............................................................. 50, 52, 54

17 U.S.C. § 512(c) ................................................................... 36, 37, 38

17 U.S.C. § 512(k)(1)(B) ...................................................................... 36

<u>Rules</u>

Fed. R. Civ. P. 37(c)(1) .................................................................. 56, 57

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Fed. R. Civ. P. 56.................................................................................................................... 3

<u>Other Authorities</u>

Denicola,
   37 Cardozo L. Rev. ...................................................................................................... 34

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**INTRODUCTION AND SUMMARY OF ARGUMENT[1]**

Weekend Warrior seeks the extraordinary result of summary judgment of willful copyright infringement for *48 asserted works*, without supplying the evidence or analysis that such relief demands. It does not establish why *each* work is original, why *each* accused design infringes, or how the record could possibly support willfulness as a matter of law on *every* asserted copyright. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 275 (6th Cir. 2010) (affirming summary judgment *to defendant* where plaintiff "has not attempted to identify any original elements" defendant copied or filter out common elements). Weekend Warrior's failure on any one of these grounds is sufficient to deny it summary judgment.

What's more, Weekend Warrior does not address threshold issues that foreclose summary judgment in its favor and instead support Amazon's summary judgment motion, including that many asserted copyrights are invalid derivative works and that direct infringement claims require volitional conduct. *See Rich & Rich P'ship v. Poetman Records USA, Inc.*, 714 F. Supp. 2d 657, 664–66 (E.D. Ky. 2010) (denying plaintiff partial summary judgment and granting summary judgment to defendant where plaintiff's failure to disclose derivative works rendered its copyright invalid). Illustrating its failure to satisfy even the most basic burden on summary judgment, Weekend Warrior simply cites the standard for indirect infringement while offering no argument, analysis, or evidence showing why those theories apply or why no factual disputes remain. *See Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 777–78 (S.D. Ohio 2021) (Cole, J.) (denying summary judgment where plaintiff's argument was "[s]keletal" and "perfunctory" and therefore "deemed waived"); *see also Stability Sols., LLC v. Medacta USA, Inc.*, No. 3:23-cv-

---

[1] Pursuant to the Court's order that briefs exceeding 20 pages contain a summary of arguments, the closing portion of this Introduction includes a summary of less than five pages in compliance with that directive.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

00072, 2024 WL 5248245, at *11 (M.D. Tenn. Dec. 30, 2024) (denying summary judgment where party failed to meet "its summary judgment burden regarding . . . threshold issue").

Instead, Weekend Warrior asks the Court to bypass liability and proceed directly to damages simply because Amazon provided print-on-demand services (through its Merch on Demand service) to third parties who uploaded their own designs to the service. As explained in Amazon's Motion for Summary Judgment, Weekend Warrior's theories of liability fail as a matter of law. (Doc. 72 ("Amazon MSJ") at PageID 6983–96.) The undisputed facts show that the accused designs were created and uploaded by independent third-party content creators, not by Amazon. (*Id.* at PageID 6974–75.) The Merch on Demand service offered technical services that enabled those creators to sell their products—Amazon did not design, edit, or alter the content in any way. (*Id.*) And once Amazon verified that certain listings potentially infringed Weekend Warrior's claimed copyrights, it promptly removed them from Merch on Demand. (*Id.* at PageID 6980–82.)

At a minimum, genuine disputes of material fact preclude summary judgment in Weekend Warrior's favor. Weekend Warrior's motion spins a tale of a supposed conspiracy by Amazon to ignore complaints. The record tells the true story. Weekend Warrior's co-founder, Tim Whelan, sent notices ███████████████████████████████████████████████████████████ ████████████████████████ while claiming to represent an Ohio-based company. Under Amazon's anti-fraud policies, these facts reasonably triggered verification concerns. (*Id.* at PageID 6980.) Yet Weekend Warrior now claims Amazon should have treated Mr. Whelan as a figure whose identity was self-evident, as if he were a household name like LeBron James or Taylor Swift. Even if that contention could be taken seriously, it presents a credibility dispute—not a basis for judgment as a matter of law—and certainly not evidence of some type of corporate conspiracy against Weekend Warrior and Mr. Whelan.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

These are just some of the fundamental flaws that run through every aspect of Weekend Warrior's motion. As the moving party, it was required to prove each element of infringement as a matter of law; it has failed to do so. *See Guba v. Huron Cnty., Ohio*, 695 F. App'x 98, 106 (6th Cir. 2017) ("At summary judgment, Plaintiffs were required to produce evidence on each essential element of their claim[.]"). As explained below, the Court should deny Weekend Warrior's motion in its entirety.

*First*, Weekend Warrior's motion fails at the outset because it does not meet its initial burden under Federal Rule of Civil Procedure 56. Summary judgment cannot rest on "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). As Your Honor has explained, "courts will not put flesh on the bones of skeletal assertions," and such arguments "are deemed waived." *Navarro*, 515 F. Supp. 3d at 777–78. Summary judgment on a copyright infringement claim must be denied when a movant "fails to identify those elements of its [work] that are original" or to "filter [out] elements that would be expected to be common." *R.C. Olmstead, Inc.*, 606 F.3d at 275. That is exactly what Weekend Warrior has done here: it offers only undeveloped assertions, fails to identify the protectable elements of its works or analyze substantial similarity as required, and ignores the distinct legal standards governing volitional conduct, indirect infringement, and willfulness. *Navarro*, 515 F. Supp. 3d at 777–78.

*Second*, although the Court should grant summary judgment to Amazon on direct copyright infringement (Amazon MSJ at PageID 6983–86), there are at minimum genuine disputes of material fact on key elements—including originality, copyrightability, copying, volitional conduct, and Amazon's defenses—that foreclose summary judgment *in Weekend Warrior's favor*.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Originality. Disputed facts also exist as to whether the asserted works are original, and originality is a prerequisite to copyright protection. Weekend Warrior makes no originality argument for 45 of its 48 asserted works, and summary judgment must be denied where a movant "fail[s] to identify those elements of its [work] that are original." *R.C. Olmstead, Inc.*, 606 F.3d at 275. As to the remaining three works, Amazon's unrebutted expert testimony shows they lack originality, a conclusion reinforced by side-by-side comparisons demonstrating copying of preexisting works. (SPUF[2] ¶¶ 166–171, 217–223; Amazon's Proposed Disputed Issues of Material Fact ("SMF")[3] ¶¶ 128–131.) *See Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1268 (10th Cir. 2008) ("the fact that intensive, skillful, and even creative labor is invested in the process of creating a product does not guarantee its copyrightability").

Copyrightability. Weekend Warrior cannot show, as it must, that the asserted works cover copyrightable material. Derivative works unlawfully based on third-party preexisting copyrighted work cannot themselves be copyrighted. 17 U.S.C. § 103(a); *Hiller, LLC v. Success Grp. Int'l Learning All., LLC*, 976 F.3d 620, 629 (6th Cir. 2020). Weekend Warrior admits that every asserted design incorporates unauthorized third-party preexisting works. (SMF ¶¶ 17–19.) For many, side-by-side comparisons confirm the derivative nature of the designs; for others, Weekend Warrior failed to identify or preserve the preexisting materials it used. (SMF ¶¶ 19, 22–141.) These facts create triable disputes for the jury on whether the asserted works are copyrightable at all.

---

[2] Where possible to avoid introducing duplicative evidence, Amazon cites to Defendants' Statement of Proposed Undisputed Facts in Support of Its Motion for Summary Judgment ("SPUF"), Doc. No. 72-1.

[3] Per the Court's Standing Order on Civil Procedures, Amazon included its "Proposed Disputed Issues of Material Fact" as a separate section after its responses to Weekend Warrior's proposed facts which has been filed concurrently with this brief.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Copying. Courts routinely deny summary judgment where, as here, the motion does not filter each work to identify any original, protectable expression. *See, e.g.*, *Jedson Eng'g, Inc. v. Spirit Constr. Servs., Inc.*, 720 F. Supp. 2d 904, 921 (S.D. Ohio 2010) (denying summary judgment where plaintiff "has not presented evidence . . . which demonstrates substantial similarity"). Moreover, Amazon's unrebutted expert testimony identifies significant differences across numerous expressive elements—that expert evidence independently creates triable issues of fact that preclude summary judgment. *See Willis v. Barry Graham Oil Serv. LLC*, 636 F. Supp. 3d 684, 697 (W.D. La. 2022) ("Expert testimony can serve as the basis for establishing the existence of genuine issues of material fact, which, in turn, precludes summary judgment.").

Volitional Conduct. Weekend Warrior's motion never addresses the threshold requirement of volitional conduct—an essential element of any direct infringement claim against a service provider. As courts have long recognized, "direct liability must be premised on conduct that can reasonably be described as the defendant's own." *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004). Courts applying this rule consistently hold that there is "an absence of volition when the only means available for a service provider to prevent the infringement is to police the actions of its individual customers." *Tomelleri v. SunFrog, LLC*, 721 F. Supp. 3d 566, 576 (E.D. Mich. 2024). Because Merch on Demand merely provided the technical service through which third-party creators uploaded and sold their own designs—and because Amazon neither created, selected, nor altered those designs—Weekend Warrior cannot satisfy this element. (SPUF ¶¶ 5, 9.)

Defenses to Infringement. Weekend Warrior's motion also ignores Amazon's defenses to liability. Amazon is entitled to DMCA safe-harbor protection under § 512(c) for 107 user-uploaded listings that were displayed but never sold (SPUF ¶¶ 72–73); those listings fall squarely within the protection afforded to service providers that lack actual knowledge and act promptly when

AMAZON OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT                    -5-                    1:23-cv-00752

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

notified. *See Greg Young Publ'g, Inc. v. Zazzle, Inc.*, 2017 WL 2729584, at *6–8 (C.D. Cal. May 1, 2017) (granting safe harbor protection to print-on-demand service for display of product listings never made or sold). Weekend Warrior also does not address Amazon's invalid registration defense. The asserted copyright registrations are invalid under § 411(b) because Weekend Warrior knowingly included inaccurate information in its disclosures to the Copyright Office—failing to disclose preexisting works for *all* asserted works and misstating first-publication dates for nine. (SMF ¶¶ 22–148, 160.) Courts regularly hold such inaccuracies material to the Register's decision and, thereby, find the copyrights invalid. *See, e.g.*, *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*, 804 F. App'x 668, 670 (9th Cir. 2020) ("Plaintiff's certificate of registration was invalid" where "Plaintiff knowingly included inaccurate information on its application").

<u>Five Disregarded Copyrights.</u> Weekend Warrior's motion also fails because it cannot establish liability for five asserted copyrights. Three—*King of the Kill*, *Happy St. PatRizz Day*, and *Down Goes Liver*—were never pleaded (SPUF ¶¶ 98, 100), and summary judgment cannot be granted on unpleaded works. *See Flynn v. Health Advoc., Inc.*, No. Civ.A. 03-3764, 2004 WL 51929, at *12 (E.D. Pa. Jan. 13, 2004) (copyright infringement claim must specify "which *specific* original work is the subject of the copyright claim"). And for *Ameri-CAN v2* and *Shut-Up Liver*, Weekend Warrior failed to identify any accused listings (SPUF ¶ 102) as required by the Court's order, which precludes summary judgment. *See Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008) (affirming dismissal where plaintiff failed to "identify any specific works by defendants that infringe").

*Third*, Weekend Warrior cannot obtain summary judgment on its contributory and vicarious infringement theories, which it mentions only in passing and supports with no argument or evidence. Both forms of secondary liability require proof of direct infringement by a third party.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*See NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 816 (6th Cir. 2008) ("[T]here can be no contributory infringement absent proof of direct infringement."); *Broad. Music, Inc. v. Meadowlake, Ltd.*, 754 F.3d 353, 354 (6th Cir. 2014) (same for vicarious infringement). Yet, as explained above, Weekend Warrior has not established direct infringement for any of its 48 asserted works. Even setting that flaw aside, its motion contains "no section devoted to these theories, no application of the governing legal standards, and no citation to supporting evidence." *Motorola, Inc. v. Pick*, No. CV 04-2655 ABC (SHx), 2005 WL 5918849, at *4–5 (C.D. Cal. May 26, 2005) (denying summary judgment where plaintiff "merely recit[ed] the legal elements of the claims" without factual support). Weekend Warrior's perfunctory assertion that "[w]hether directly or indirectly, Amazon is liable" (Weekend Warrior's Motion for Summary Judgment ("WW Mot.") at 23) cannot substitute for the proof required to prevail on these claims.

Even if the Court were to reach the merits, the undisputed record and Amazon's Motion for Summary Judgment demonstrate that Amazon (not Weekend Warrior) is entitled to judgment on these claims. (Amazon MSJ at PageID 6986–96.) And, at the very least, genuine disputes of material fact—including as to the sufficiency of Weekend Warrior's notice—preclude summary judgment in Weekend Warrior's favor. *See, e.g.*, *Adobe Sys. Inc. v. Canus Prods., Inc.*, 173 F. Supp. 2d 1044, 1055 (C.D. Cal. 2001) (denying summary judgment where triable issue existed whether pre-suit notice provided "sufficient knowledge" to justify contributory liability).

*Fourth*, Weekend Warrior has not shown it is entitled to enhanced statutory damages under § 504(c)(2). To obtain such relief, it must "sustain[] the burden of proving . . . that infringement was committed willfully," *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 278 (6th Cir. 2009), and must also show the absence of any genuine dispute of material fact. Weekend Warrior makes no such showing. Its motion contains no work-by-work analysis and instead raises

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

willfulness "in a perfunctory manner, unaccompanied by some effort at developed argumentation"—a failure that itself defeats summary judgment. *McPherson*, 125 F.3d at 995–96.

Weekend Warrior has stipulated that 22 of the 48 asserted works are ineligible for statutory damages. (SPUF ¶ 103.) As to the remaining works, there is no evidence that Amazon had actual knowledge or recklessly disregarded any alleged infringement. Weekend Warrior concedes that Amazon never reviewed its pre-suit notices, and the undisputed record shows that Amazon reasonably treated those notices as suspect. (SPUF ¶¶ 63, 77–78, 80.) At best for Weekend Warrior, its theories present fact-intensive inquiries turning on credibility and competing inferences, determinations that must be made by a jury, not on summary judgment. *See Calibrated Success, Inc. v. Charters*, 72 F. Supp. 3d 763, 775 (E.D. Mich. 2014) (no summary judgment on willfulness because resolving summary judgment on willfulness requires that "the facts are admitted or otherwise undisputed").

## BACKGROUND

Weekend Warrior's motion selectively presents the facts, omitting critical context about its own copying, its inadequate pre-suit notices, and Amazon's extensive efforts to remove challenged listings. Amazon incorporates by reference the factual background set forth in its Memorandum in Support of its Motion for Summary Judgment (Amazon MSJ at PageID 6974–82) and focuses here on addressing Weekend Warrior's flawed narrative with evidence from the SPUF and SMF.

## I.    Amazon Merch on Demand Has Comprehensive Anti-Infringement Systems

Amazon Merch on Demand is a print-on-demand service that serves approximately ███ independent content creators. (SPUF ¶ 28.) Amazon itself does not draft, edit, or select any design content. Creators alone upload their artwork and control the text and imagery appearing on their products. (SPUF ¶¶ 5, 8–9, 17.) Merch on Demand hosts over ███ total designs globally and adds over ███ new designs each month. (SPUF ¶ 34.)

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Before any design is published on Merch on Demand, creators must certify that their submissions do not violate or infringe any intellectual property. (SPUF ¶ 24.) Amazon's Content Policies expressly prohibit unauthorized use of third-party IP and provide that violations may result in Amazon "immediately suspending or terminating Content Creator privileges, removing listings, terminating the business relationship, or permanently withholding payments." (SPUF ¶ 24.) Amazon blocks more than ███ Merch on Demand designs globally from being published each month because they violate Amazon's policies. (SPUF ¶ 32.)

Amazon maintains multiple channels for rights holders to report alleged violations, including a dedicated email address, an online Report Infringement form, a physical mailing address, and Brand Registry—a free service that provides enhanced infringement detection tools for verified rights holders. (SPUF ¶¶ 38–44.) Amazon receives approximately ███ notices of claimed infringement annually and employs a team of over ███ to review these notices using both automated machine-learning processes and human review. (SPUF ¶¶ 45, 49, 51, 56.)

## II.    Weekend Warrior's Pre-Suit Notices Raised Legitimate Verification Concerns

Weekend Warrior's pre-suit notices covered only 5 of the 48 copyrights Weekend Warrior now asserts in this case. (SPUF ¶¶ 6, 67–68.) Those notices identified only 21 of the 560 product listings Weekend Warrior now accuses of infringement. (SPUF ¶ 69.) Amazon reviewed these initial submissions under standard anti-fraud verification procedures that all submitters are subject to—procedures necessitated by the fact that approximately ███ of all takedown notices Amazon receives are fraudulent. (SPUF ¶ 46.) Amazon's review of the notices submitted by twhelan40@gmail.com for USA Drinking Team revealed multiple red flags: ███

████████████████████████████████████████

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**



███████████ (SPUF ¶¶ 67–75, 77–78.) Indeed, Weekend Warrior's own website, officialusadrinkingteam.com, neither includes the name "Weekend Warrior" nor the name of the company's owners, Daniel and Tim Whelan. (SPUF ¶¶ 63–64.) And, as Weekend Warrior itself admits, no public, independent information connects twhelan40@gmail.com or Tim Whelan to USA Drinking Team. (SPUF ¶ 78.)[4]

As a result of these red flags, Amazon determined that the email address, twhelan40@gmail.com appeared unrelated to the purported rights holder, USA Drinking Team. (SPUF ¶¶ 77–79.) Amazon ████████████████████ on about March 28, 2022. (SPUF ¶ 79.) ███████████████████████████████████████████████. (SPUF ¶ 80.) Because Weekend Warrior sent all

---

[4] Amazon's concerns about fraudulent submissions proved justified when, in 2022 and 2023, Amazon received fraudulent notices from ███████ email accounts asserting ownership of Weekend Warrior's designs, including *Bad Day to Be a Beer* and *Leprechaun Griddy* asserted here. (SPUF ¶ 81.) Each notice ██████████████████████████████████████████████████████████████████████████████████████████ (SPUF ¶ 82.) Weekend Warrior had no role in and did not authorize these submissions. (SPUF ¶ 83.) Amazon could not verify these senders and rightfully ████████████████████ ████████ using the same protocols applied to twhelan40@gmail.com. (SPUF ¶¶ 84–85.)

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

subsequent pre-suit notices related to the asserted designs from twhelan40@gmail.com, Amazon

███████████████. (SPUF ¶ 80.)[5]

### III. <u>Amazon's Prompt and Comprehensive Post-Lawsuit Response</u>

Amazon's response since Weekend Warrior filed this action has been fast and thorough.[6]

Amazon first learned of Weekend Warrior's infringement allegations when this lawsuit was filed

on November 13, 2023. Within two days, Amazon began identifying and removing the accused

product listings from its website. (SPUF ¶¶ 65–68, 74, 78–80, 87.) One week later, Amazon's

counsel contacted Weekend Warrior's counsel "to open a channel and also update you on steps

Amazon has taken to remove accused listings from the Amazon.com website." (SPUF ¶ 88.) Six

days after that, Amazon's counsel wrote: "If there are any listings on Amazon.com that your client

objects to, please let us know the ASIN or URL, and the claim will be promptly addressed." (SPUF

¶ 89.) Amazon also requested "high-quality copies of copyrighted images that [Weekend Warrior]

seeks to protect" so Amazon could use the images to screen for other potentially accused works.

(SPUF ¶ 90.) By December 21, 2023, barely five weeks after the lawsuit was filed, Amazon had

identified and removed more than ███ product listings related to Weekend Warrior's allegations.

(SPUF ¶ 91.)

In total, Amazon has removed more than ███ product listings, most of which recorded

no sales before they were taken down. (SPUF ¶¶ 94–95.) Weekend Warrior ultimately accused

---

[5] Weekend Warrior also did not use the other channels for reporting infringement available to it. For example, Weekend Warrior never enrolled in Brand Registry—the free service providing enhanced tools and expedited review for verified rights holders. (SPUF ¶ 42.) Weekend Warrior also never submitted notices that identified the specific ASINs (product listings) for the vast majority of designs it now asserts—the very information required to enable Amazon to locate and remove allegedly infringing material. (SPUF ¶ 69.)

[6] Weekend Warrior's motion focuses on May 2021 unproduced communications about a *Statue of Libeerty* design that, in any event, is not one of the 48 copyrights asserted in this lawsuit.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

only 560 of the ████ listings that were taken down of infringement. 107 of the 560 accused listings

never resulted in any sales or advertising revenue. (SPUF ¶¶ 72, 94.)[7]

## IV. Weekend Warrior's Purported "Creativity" Is Simple Copying

In its operative complaint, Weekend Warrior portrays itself as a small business built through

"only the elbow grease and creativity invested by its founder," claiming its "success is based

almost entirely on its original, copyrighted . . . designs." (Doc. 17 at PageID 118–119.) But the

record instead shows that Weekend Warrior systematically copied third-party works without

authorization, investigation, or permission—the same conduct it now accuses Amazon's third-

party sellers of committing.

Before creating each design, Dan Whelan collected "reference images" from the internet

to use as visual guides and sometimes to copy outright. (SPUF ¶ 106.) Mr. Whelan never identified

who owns the source images, searched copyright databases for them, or obtained a license to use

them. (SPUF ¶ 108.) In fact, Mr. Whelan never even considered asking for permission or a license

to use the protected reference materials (SPUF ¶ 108.)

Weekend Warrior admits using preexisting reference images for every one of its 48 designs.

(SPUF ¶¶ 106–108, 110, 119, 125, 131, 138, 144, 149, 154, 166, 172, 178, 187, 193, 198, 204;

SMF ¶¶ 22–148.) Some of the copied imagery was from *Conan the Barbarian*,[8] Dr. Seuss's Grinch,

---

[7] Weekend Warrior's brief focuses on ████████████████ but does not mention that this determination
did not result in the rejection of a single notice of claimed infringement regarding the asserted
works. (WW Mot. at 31; SMF ¶ 13.) Its brief also states that "[it] spotted infringements as recently
as two days ago" but instead of relying on evidence from amazon.com, it relies on screenshots
from Canadian and United Kingdom marketplace websites. (WW Mot. at 31.)

[8] In early 2025, Weekend Warrior agreed to stop selling a design based on the *Conan the Barbarian*
poster when Conan Properties International confronted Weekend Warrior about its unauthorized
use. (SPUF ¶¶ 184–185.) Anheuser-Busch sent a cease-and-desist letter regarding a Weekend
Warrior t-shirt design the year prior. (SPUF ¶¶ 115–116.)

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Hulk Hogan, Clint Eastwood's *Dirty Harry*, Lucky Charms cereal characters, the Coca-Cola Santa, NBA Jam, Budweiser, Corona, Samuel Adams, and even a hairstyle from the HBO series *Eastbound and Down*. (SPUF ¶¶ 166, 172, 204, 207.) Weekend Warrior intentionally capitalized on these familiar images to get attention. (SPUF ¶¶ 114, 123, 129, 135, 142, 153, 158.)

Despite its extensive reliance on the creativity of others, Weekend Warrior "did not retain reference images that inspired or otherwise contributed to the creation of Plaintiff's copyrighted works." (SMF ¶ 19.) Weekend Warrior failed to save these images although Mr. Whelan allegedly created 45 of the 48 asserted designs after Weekend Warrior first threatened litigation against Amazon in 2021. (SMF ¶¶ 15, 16, 20.)

Amazon independently discovered some of the works that Mr. Whelan used, including a retro beer advertisement poster, an image of Uncle Sam holding a foaming beer mug, an eagle head, a plumbing company logo, and a third-party Pat McCrotch Irish Pub t-shirt design. (SPUF ¶¶ 210–211, 213–215, 217–218, 220–221, 224–225, 227–228, 231–235.) Side-by-side comparisons of these originals and the Weekend Warrior designs indicate pervasive copying. (Amazon MSJ, Appendix B at PageID 7031–42.)

## V.   <u>Weekend Warrior Submitted Inaccurate Copyright Registration Applications</u>

Copyright registration applications require disclosure of any preexisting materials and an accurate date of first publication. While Weekend Warrior admits Tim Whelan "completed copyright registration applications for each of the WW Designs on Dan's behalf, listing Dan as the author and claimant," (WW Mot. at 10), what Tim Whelan failed to do was list the numerous preexisting works his brother relied on for each design.

Except for one instance described below, Weekend Warrior did not disclose any previously published and preexisting works in the applications for the asserted copyright registrations. (SMF ¶ 149.) Tim Whelan never sought legal advice or reviewed Copyright Office guidance, nor did he

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

ask his brother—the creator of all 48 designs—whether the designs copied or incorporated preexisting materials. (SMF ¶¶ 150–152.).

On August 18, 2023, a Copyright Office Registration Specialist informed Tim Whelan that an earlier Weekend Warrior work had to be listed in the "Material Excluded" field on the subsequent application that incorporated the earlier artwork. (SMF ¶ 153.) Tim acknowledged the requirement, specifically responding, "[t]hat makes sense and I will remember this for future reference on applications." (SMF ¶ 156.) This explicit instruction predated the issuance of 35 of the 48 asserted registrations. But Tim did not disclose, as required and instructed, the prior works in any of the applications. (SMF ¶ 154.)

Weekend Warrior admitted that Mr. Whelan also included inaccurate dates of first publication in nine applications. (SMF ¶ 160.) Weekend Warrior first published *Leprechaun Griddy* on January 25, 2023, as reflected in Weekend Warrior's sales data, website source code, and this Facebook entry that Mr. Whelan published (SMF ¶ 157.)



CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

(SMF ¶ 157.) Mr. Whelan submitted the application for this design on April 26, 2023—three months and one day later. (SMF ¶ 158.) However, Tim Whelan listed the date of first publication as January 27, 2023, one day under the three-month deadline that makes a design eligible for statutory damages.[9] (*Id.*) Tim Whelan also filed inaccurate first publication dates for eight other Weekend Warrior designs. (SMF ¶¶ 160–161.)

## LEGAL STANDARD

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Summary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This is especially true where "the moving party also bears the burden of persuasion at trial," because their "initial summary judgment burden is [even] higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (internal quotation marks omitted). Thus, summary judgment is appropriate only "where the moving party" has shown "that no reasonable trier of fact could find other than for the moving party." *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 916 (W.D. Tenn. 2011), *aff'd*, 559 F. App'x 508 (6th Cir. 2014).

---

[9] Weekend Warrior knew that copyright registration applications must be filed within three months of first publication to be eligible for statutory damages. (SMF ¶ 155.) It learned this lesson when its first application, *Bad Day to Be a Beer*, was filed over 9 months too late. (SMF ¶ 66.)

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

<u>**ARGUMENT**</u>

Weekend Warrior's motion fails for four reasons. *First*, it does not meet its initial burden under Rule 56; its motion consists largely of perfunctory assertions unsupported by analysis or evidence. *Second*, as to direct infringement, Weekend Warrior fails to establish validity, copying, or volitional conduct, and the record contains numerous disputes of material fact on each required element. *Third*, its indirect infringement theories—contributory and vicarious liability—are mentioned only in passing and lack any developed legal argument or evidentiary support. *Fourth*, Weekend Warrior failed to analyze willfulness, as it must, on a work-by-work basis and its offered narrative, if credited as true, presents hotly disputed factual issues.

**I.     <u>Weekend Warrior's Motion Should Be Denied for Failure to Meet Its Burden of Proof at Summary Judgment</u>**

As the moving party bearing the burden of proof, Weekend Warrior was required in its opening brief to identify the protectable elements of its works and conduct a substantial similarity analysis for *each of its 48 asserted copyrights*. It failed to do so.

The Sixth Circuit and this Court have made clear that perfunctory or undeveloped arguments do not carry a movant's burden at summary judgment. As Your Honor explained in *Navarro*, 515 F. Supp. 3d at 777–78, "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" and courts "'will not put flesh on the bones'" of such skeletal assertions. *Id.* (quoting *McPherson*, 125 F.3d at 995–96). That is why this Court applies the "perfunctory-argument-as-waiver" rule to deny motions for summary judgment. *Id.* (denying summary judgment where movant's argument was "skeletal"); *see also Northgate Lincoln-Mercury Inc. v. Ford Motor Co.*, 507 F. Supp. 3d 940, 947 (S.D. Ohio 2020) (Cole, J.) (finding summary judgment argument waived because it was "[s]keletal").

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Weekend Warrior's motion is precisely the sort of perfunctory submission the Sixth Circuit deems waived and unworthy of summary judgment. To prevail on summary judgment on copyright claims, a plaintiff must do more than assert similarity; it must prove both "ownership of the copyright by the plaintiff and copying by the defendant." *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984). To show copying, the plaintiff must satisfy the two-step substantial similarity test outlined in *Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003). That analysis requires the movant to first identify the portions of its work that are protectable by copyright and then determine whether the accused work is substantially similar to those protectable elements. *Id.* at 855–56. The movant must therefore "filter out the unoriginal, unprotectible elements"—those not independently created and lacking the minimal degree of creativity— to then "determine whether the allegedly infringing work is substantially similar to the protectible elements of the original." *Id.* Only after this rigorous process can a court assess whether "a trier of fact would [] be permitted to find substantial similarity." *Wickham*, 739 F.2d at 1097.

Here, Weekend Warrior performs no filtration analysis whatsoever. Instead, it simply asserts that Amazon infringed by "manufactur[ing] Merch products, ship[ping] Merch products harnessing Amazon's shipping network, and handl[ing] all customer service issues." (WW Mot. at 23.) That argument sidesteps—and effectively waives—the substantial similarity analysis required under *Kohus*. *See Navarro*, 515 F. Supp. 3d at 777 (issues raised in a perfunctory manner are deemed waived); *R.C. Olmstead, Inc.*, 606 F.3d at 275 (affirming summary judgment *to defendant* where plaintiff failed to identify original elements or filter out common ones). This omission alone defeats Plaintiff's motion.

Beyond its failure to conduct the required analysis, Weekend Warrior's motion barely engages with any of the works at issue. As part of its argument, it references only one of the 48

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

asserted copyrights—*Bad Day to be a Beer*—and even then offers no substantial similarity analysis. (WW Mot. at 14–15.) The only other design it discusses, the "*Statue of Libeerty*" jersey, is not even among the copyrights asserted in this case. (*Id.* at 11–13.) Yet even if Plaintiff had analyzed those two works, that would still fall far short of meeting its burden, because "[e]ach copyright [must be] treated as a distinct entity, and the infringement of it as a distinct wrong." *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 105 (1919); *see also Dean v. Cameron*, 53 F. Supp. 3d 641, 647 (S.D.N.Y. 2014) (a court "must consider each allegedly infringed work independently."). Thus, even a proper analysis of one or two designs (which is absent here) could not establish infringement as to the remaining 47. *See McPherson*, 125 F.3d at 995–96 ("It is not sufficient for a party to mention a possible argument in the most skeletal way.").

In short, Weekend Warrior seeks a finding of infringement on 48 separate copyrights by briefly mentioning one and ignoring the rest. Neither the Court nor Amazon bears the responsibility to scour the record or construct arguments on Plaintiff's behalf. *See Moseley v. Meharry Med. Coll.*, No. 3:19-CV-00608, 2022 WL 3330947, at *1 (M.D. Tenn. Aug. 11, 2022) ("'judges are not like pigs, hunting for truffles' that might be buried in the record (or somewhere in a particular document in the record" (quoting *Emerson v. Norvartis Pharm. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011)). Having failed even to satisfy its threshold burden as the movant, Weekend Warrior's motion should be denied outright. *See Ricks v. Pauch*, No. 17-12784, 2020 WL 1640166, at *26 (E.D. Mich. Apr. 2, 2020), *reconsideration denied*, No. 17-12784, 2020 WL 4040703 (E.D. Mich. July 17, 2020) (applying perfunctory-argument-as-waiver rule to deny summary judgment); *Becknell v. Univ. of Ky.*, 383 F. Supp. 3d 743, 758 (E.D. Ky. 2019) (same); *Navarro*, 515 F. Supp. 3d at 777–78 (same).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## II.    Weekend Warrior Is Not Entitled to Summary Judgment of Direct Infringement

Weekend Warrior is not entitled to summary judgment on direct infringement for several independent reasons: it cannot establish the required elements of the claim; it seeks judgment on five copyrights it either failed to plead or never matched to any accused listing; and it ignores Amazon's dispositive defenses.

### A.    Weekend Warrior Has Not Established the Elements of Direct Infringement

To prevail on summary judgment on direct infringement, Weekend Warrior must prove every element of copyright infringement beyond dispute. That means showing no reasonable dispute as to material fact of: (1) ownership of valid, original copyrights; (2) copying of each copyrighted work by Amazon, demonstrated through evidence of access and substantial similarity between protectable elements; and (3) volitional conduct by Amazon sufficient to impose direct liability. *See, e.g.*, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Kohus*, 328 F.3d at 855–56; *CoStar Grp., Inc.*, 373 F.3d at 550.

Weekend Warrior cannot establish any of these essential elements as a matter of law, much less *all* of them, as required for summary judgment.

#### 1.    Weekend Warrior Has Not Established that the Asserted Copyrights Are Valid

A plaintiff must first prove "ownership of a valid copyright" to prevail on a copyright infringement claim. *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 667 (6th Cir. 2024) (quoting *Feist*, 499 U.S. at 361). There are "five elements to establish the validity of a copyright," including "(1) originality in the author; [and] (2) copyrightability of the subject matter." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 476 (6th Cir. 2015) (quoting 4 M. Nimmer & D. Nimmer, Nimmer on Copyright § 13.01[A] (2003)), *aff'd*, 580 U.S. 405 (2017).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Although a timely registration certificate constitutes prima facie evidence of validity, 17 U.S.C. § 410(c), "[w]here other evidence in the record casts doubt on the question, validity will not be assumed." *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980); *Hi-Tech Video Prods., Inc. v. Cap. Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995) ("[T]he presumption may be rebutted.").

As set out below, the evidence shows not only that the asserted works lack originality, but also that they are built on material that cannot be copyrighted at all.

> **a)** **Genuine Disputes of Material Fact Exist as to the Originality of Weekend Warrior's Copyrighted Works**

To obtain summary judgment on originality, Weekend Warrior was required to identify "those elements of its [work] that are original" and "filter [out] elements that would be expected to be common." *R.C. Olmstead, Inc.*, 606 F.3d at 275; *Kohus*, 328 F.3d at 855–56 (plaintiff must first "filter out the unoriginal, unprotectible elements"). But it makes no attempt to do so for *45* of its 48 asserted works. As a matter of law, that failure alone defeats its motion. *See R.C. Olmstead, Inc.*, 606 F.3d at 275 ("fail[ure] to identify those elements…that are original" is fatal at summary judgment).

That omission is particularly significant because a work "copied from other works" is not original. *Feist*, 499 U.S. at 345. And "trivial variation" from an underlying work is insufficient to render a derivative copy copyrightable. *ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 712 (6th Cir. 2005). Here, Weekend Warrior admits that designer Dan Whelan used preexisting images—including copyrighted works—as "reference images" for *every* asserted design. (SPUF ¶¶ 106–108.) It further admits that many works were "based" on, "mimic,"

AMAZON OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT                    -20-                    1:23-cv-00752

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

or "call to mind" specific preexisting works.[10] (SPUF ¶¶ 110, 119, 125, 131, 138, 144, 149, 154, 166, 172, 178, 187, 193, 198, 204.) Weekend Warrior's silence on originality for the vast majority of its catalog is basis alone to deny summary judgment for those 45 works.

But even assuming Weekend Warrior had offered the required work-by-work originality analysis, the record presents numerous factual disputes that preclude summary judgment.

*First*, Weekend Warrior's admission that its designer used preexisting images creates fact questions about whether the asserted works exhibit the minimal creativity necessary for originality. "Mere 'sweat of the brow,'" reproductions are "insufficient to render a copy eligible for copyright protection," even if the copies reflect "physical skill or special training." *ATC*, 402 F.3d at 712. Instead, "'substantial variation' [is] required to justify copyright protection." *Id.* (quoting *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 492 (2d Cir. 1976).)

Under *Feist* and *ATC*, these admissions alone create fact questions about whether the asserted works exhibit the minimal degree of creativity necessary for originality. *Feist* makes clear that works copied from preexisting sources lack originality unless the plaintiff adds more than trivial expressive variation. 499 U.S. at 345. *ATC* likewise holds that when a design is derived from another work, only "substantial variation"—not minor digital alterations, stylistic tweaks, or re-tracing—can satisfy the originality requirement. 402 F.3d at 712. Weekend Warrior's repeated acknowledgments that it relied on preexisting images to construct every asserted design therefore

---

[10] The 20 works are *Ameri-CAN Eagle*, *Ameri-CAN V2*, *Bad Day to Be a Beer - \*American Edition\**, *Bad Day to Be a Beer - Christmas Edition*, *Bad Day to Be a Cerveza*, *Do You Feel Lucky*, *Enjoy Beer*, *Enjoy Beer – Ugly Sweater*, *Fantasy Football Legend*, *FrankenSTEIN*, *Griddy Cerveza*, *Make Mullets Great Again*, *Meri-CAN Eagle*, *Most Interesting Pumpkin*, *Poor Day to Be a Pilsner*, *Protect the Charms*, *Real American - Uncle Sam*, *Uncle Sam's American Lager*, *USA Jam - Uncle Sam/Merican Eagle*, and *USA Jam - Washington/Lincoln*.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

strike at the heart of the originality inquiry and plainly present jury questions. (SPUF ¶¶ 106–108, 110, 119, 125, 131, 138, 144, 149, 154, 166, 172, 178, 187, 193, 198, 204; SMF ¶¶ 22–148.)

That problem is compounded by Weekend Warrior's admitted failure to preserve the underlying reference images it used, even though it created most of these designs after it first threatened litigation against Amazon. (SPUF ¶ 106; SMF ¶¶ 15–16, 19.) Rather than retaining the source material it relied on, Weekend Warrior "did not retain" the reference images at all, despite their obvious relevance to the originality dispute. (SMF ¶ 19.) A reasonable jury could view this omission as deliberate, careless, or reflective of the extent of copying—precisely the sort of credibility determination that cannot be resolved at summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations . . . are jury functions, not those of a judge.").

Making matters worse for Weekend Warrior, Amazon independently located multiple preexisting works that Weekend Warrior never disclosed but that plainly informed the asserted designs. (SPUF ¶¶ 210–235.) These include, among others, a retro beer advertisement poster, an image of Uncle Sam holding a foaming beer mug, and a third-party Pat McCrotch Irish Pub t-shirt. Side-by-side comparisons in Appendix B show unmistakable visual correspondence between these originals and Weekend Warrior's designs—far beyond what could be considered coincidence or generic similarity. (Amazon MSJ at PageID 7031–42.) Whether these designs represent original expression or, instead, impermissible derivations is a classic fact question inappropriate for resolution on summary judgment.

Weekend Warrior relies on *Hayden v. 2K Games, Inc*., 629 F. Supp. 3d 736 (N.D. Ohio 2022) to argue that works containing "exact copies of previous works" may be original. (WW Mot. at 27.) But that case does not address the Sixth Circuit holding in *ATC,* 402 F.3d at 712, that

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

copying does not satisfy the originality requirement. *See Hayden*, 629 F. Supp. 3d 736. Moreover, *Hayden* involves the unique artistic process of transforming preexisting works into tattoos on the "human body's irregular surface," while Weekend Warrior copied two-dimensional designs for two-dimensional designs. *Id.* at 745.

Ultimately, at best for Weekend Warrior, only a jury can determine whether the differences it claims to have added—changes in color, filtered effects, line work, minor compositional adjustments—constitute the "substantial variation" required for originality, or whether they amount to no more than "trivial variation," which *ATC* holds is insufficient as a matter of law. 402 F.3d at 712. On this record, and particularly given Weekend Warrior's admissions and missing source materials, that determination cannot be made as a matter of law to grant summary judgment in its favor.

*Second*, Amazon's expert, Caroline de Baere, provided detailed, unrebutted analysis demonstrating that Weekend Warrior's designs "heavily rely on common, widely used design elements and themes, sometimes directly mimicking existing works," and that, whether viewed as a whole or in their constituent parts, they "do not showcase original or creative additions unique to the author." (SPUF ¶ 109.) Ms. de Baere's report is not a mere conclusory critique—it identifies specific elements of the asserted works (poses, color palettes, character silhouettes, layout choices, and stylistic tropes) that are standardized, unoriginal, or plainly derived from preexisting sources. (SPUF ¶¶ 110–241; SMF ¶¶ 22–148.) She explains how the designs draw directly from widely recognizable imagery associated with beer brands, advertising art, holiday motifs, and pop-culture characters, and how the modifications Mr. Whelan claims to have made amount to routine, trivial, or commonly employed graphic techniques rather than creative expression. *Id.* Her assessment is

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

reinforced by the numerous side-by-side comparisons in the record showing striking similarities between the asserted works and their preexisting counterparts.

That unrebutted analysis, corroborated by record exemplars and Weekend Warrior's admissions, easily rebuts any presumption of validity and, at a minimum, raises jury questions as to originality and the scope of any protectable copyright—precluding summary judgment for Weekend Warrior. *See Daedalus Blue, LLC v. Microstrategy Inc.*, No. 2:20CV551 (RCY), 2023 WL 6221774, at *14 (E.D. Va. Sept. 25, 2023) ("well-supported expert opinion evidence can generate a genuine dispute of material fact sufficient to defeat summary judgment"); *Willis*, 636 F. Supp. 3d at 697 ("Expert testimony can serve as the basis for establishing the existence of genuine issues of material fact, which, in turn, precludes summary judgment.").

*Third*, for the only three works Weekend Warrior addresses—*I Want Brew*, *Enjoy Beer*, and *Thicc Santa*—material fact disputes also preclude summary judgment. To create *I Want Brew*, the evidence plainly shows that Weekend Warrior copied not just an image of Uncle Sam, as Weekend Warrior's brief claims, but instead a specific image of him holding a dripping mug of beer. While Weekend Warrior admitted it "might have" used the preexisting image as a reference, a side-by-side comparison shows direct copying, down to the specific drips of foamy beer and creases in Uncle Sam's coat. (SPUF ¶¶ 217–220.)

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

| *I Want Brew* | Preexisting Uncle Sam with Beer |
|:---:|:---:|
|  |  |

At a minimum, disputed facts exist about whether the design is a faithful adaptation with trivial variations, precisely the sort of "slavish copying" *ATC* deems non-original. 402 F.3d at 712.

As for *Enjoy Beer*, Weekend Warrior admits that it directly copied from a Coca-Cola ad to create this work. Mr. Whelan took a full-color Coca-Cola image and "ran filters and a threshold over the image" using computer software "to alter the colorway" and also "thickened up the lines." (SMF ¶ 141.) For the beer, he similarly manipulated a copy of "a picture of a bottle he found on Google" and "added a hop design." *Id*.

| *Enjoy Beer* | Coca-Cola Santa |
|:---:|:---:|
|  |  |

In short, the entire image is someone else's work, with Mr. Whelan making only trivial changes by altering colors, and adding lines and barely perceptible hops. This amounts to only unprotectible "trivial variation." *ATC*, 402 F.3d at 712.

The same is true for *Thicc Santa.* Unrebutted expert evidence shows that it is not original. It uses "standard Christmas colors" which are "not creative choices but rather default elements"

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

for "Santa Claus, a public domain character" seen in "thousands of versions . . . for more than a century." (SMF ¶ 129.) The North Pole-stripper pole double entendre is "widely used . . . and is not a unique concept," with examples "across dozens of t-shirts, cards, and memes." (*Id.*) Similarly, Santa's "exaggerated feminine curves in the same exact pose" is "a visual trope" in "many adult humor designs," "is widespread and unoriginal . . . not new or unique," mimicking "a large volume of crude pop culture parodies." (*Id.*) For example:

| *Thicc Santa* | THICC Funny Twerking Santa Claus |
| --- | --- |
|  | |

(SMF ¶ 130.) A reasonable jury could find Weekend Warrior's trivial variations to common tropes add no protectable originality.

In sum, Weekend Warrior did not isolate the original aspects of its asserted works and did not show that any original aspects are "substantial variation" to the pre-existing works. Amazon has produced substantial contrary evidence, including expert analysis and concrete examples, which, at a minimum, raise jury questions regarding originality. The question of what, if anything, in the asserted designs reflects originality must be resolved by the factfinder.

**b)** **Genuine Disputes of Material Fact Exist Regarding the Copyrightability of the Asserted Works**

Weekend Warrior cannot meet its burden to establish that it is undisputed that the asserted copyrights are valid because substantial evidence shows they are uncopyrightable, unlawful derivative works. *See* 17 U.S.C. § 103(a) (copyrightable subject matter does not extend to unlawful

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

derivative work); *Varsity Brands*, 799 F.3d at 476 ("copyrightability of the subject matter" is one of five required elements needed to establish validity).

A work "based upon one or more preexisting works" that "recast[s], transform[s], or adapt[s]" the original is a derivative work. 17 U.S.C. § 101. Copyright protection "does not extend to any part of [a] work in which" preexisting copyrighted material "has been used unlawfully." 17 U.S.C. § 103(a). The Sixth Circuit has held that when a plaintiff creates a derivative work without permission, "that person has unlawfully used the original work" and cannot maintain copyright protection. *Hiller*, 976 F.3d at 629. For non-compilation works—like Weekend Warrior's single-image t-shirt graphics—*Hiller* makes clear that once the work is both "derivative" and "unauthorized," the plaintiff "lose[s] its copyright." *Id.*

Thus, if the asserted works are derivative by incorporating protected preexisting material without permission, they are uncopyrightable as a matter of law. That is precisely the case here.

The record shows that the asserted works are unauthorized derivatives of preexisting third-party material—or, at a minimum, that factual disputes preclude summary judgment. Weekend Warrior admits that Mr. Whelan used preexisting works to create every asserted design, including works he "based" on, "mimicked," or directly "used" by applying filters or other minor modifications. (SPUF ¶¶ 110, 119, 125, 131, 138, 144, 149, 154, 166, 172, 178, 187, 193, 198, 204; SMF ¶¶ 22–148.) These admissions alone establish derivative status. 17 U.S.C. § 101. Weekend Warrior's failure to identify or preserve its source images only deepens the factual disputes. Although it acknowledges using preexisting materials for each work, it "did not retain" many of the underlying images. (SMF ¶ 19.) Amazon has independently located multiple preexisting works showing near-identical correspondence with large portions of the asserted designs (Appendix B, Amazon MSJ at PageID 7031–42), and the lack of clarity about the

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

remaining source images (despite anticipated litigation) permits a reasonable inference that similar copying occurred across the catalog. At the very least, these issues create triable questions as to whether each asserted work is an unlawful derivative, foreclosing summary judgment. *See, e.g.*, *Tempo Music, Inc. v. Famous Music Corp.*, 838 F. Supp. 162, 167 (S.D.N.Y. 1993) ("The existence of a genuine issue of material fact regarding the scope of the copyright in the Derivative Works precludes summary judgment on this ground.").

Nor can Weekend Warrior obtain summary judgment by simply labeling 20 of the works as "parody" (SMF ¶ 21) because none satisfy the § 106 test for fair use. Fair use parody applies only when the secondary work "adds something new, with a further purpose or different character," and "has [a] critical bearing on the substance or style of the original." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579–80 (1994). A work that fails to comment on the original and simply copies another's expression "to get attention or to avoid the drudgery in working up something fresh" does not qualify. *Id.* at 580. Weekend Warrior, as "[t]he party asserting fair use[,] bears the burden of proof." *Bell v. Worthington City Sch. Dist.*, No. 2:18-cv-961, 2020 WL 2905803, at *6 (S.D. Ohio June 2, 2020).

To evaluate fair use, courts examine four statutory factors: (1) the purpose and character of the use; (2) the nature of the original; (3) the amount and substantiality of what was taken; and (4) the effect on the potential market. 17 U.S.C. § 107. Here, every factor weighs decisively against fair use for the 20 derivative works that Weekend Warrior claims are "parodies."

*First*, Weekend Warrior's designs are quintessentially commercial: they exist to sell t-shirts. (*See* SPUF ¶¶ 62, 115–116, 184–185.) The Supreme Court has made clear that a commercial purpose "weigh[s] against a finding of fair use." *Campbell*, 510 U.S. at 585 (cleaned up); *see also* 17 U.S.C. § 107(1) (first factor includes consideration of "whether such use is of a commercial

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

nature or is for nonprofit educational purposes"). Second, many of the original designs are used on t-shirts, such that Weekend Warrior's copyrights "share substantially the same purpose." *Andy Warhol Found. for the Visual Arts, Inc., v. Goldsmith*, 598 U.S. 508, 526 (2023). (*See also* SPUF ¶¶ 124, 137, 143, 159, 165, 177, 183, 192, 199, 203, 231, 237.)

The Court should not automatically accept Weekend Warrior's parody contention, because not everyone "who calls himself a parodist can skim the cream and get away scot free." *Campbell*, 510 U.S. at 589. True parody is narrowly defined. It must "comment[] on the original" itself and "needs to mimic an original to make its point." *Andy Warhol*, 598 U.S. at 530, 532 (quoting *Campbell*, 510 U.S. at 580–81). Merely borrowing a famous image "to get attention or to avoid the drudgery in working up something fresh" is not parody. *Campbell*, 510 U.S. at 579–80. Likewise, merely adding a new "meaning or message" is not enough. *Andy Warhol*, 598 U.S. at 542.

Weekend Warrior's designs fall squarely on the wrong side of that line. They make no commentary on the works they copy but instead use recognizable imagery to attract consumers, as Appendix B (Amazon MSJ at PageID 7031–42) makes plain. *Andy Warhol*, 598 U.S. at 544 ("subjective intent" of designer does not "determine the purpose of the use"). For example, the "beer-brand" designs (*Bad Day to Be a Beer – \* America Edition\**, *Bad Day to Be a Cerveza*, *Poor Day to Be a Pilsner*, *Ameri-CAN Eagle*, *Meri-CAN Eagle*, *Ameri-CAN V2*, *Griddy Cerveza*, *Uncle Sam's American Lager*) replicate Budweiser, Corona, Miller Lite, Pabst Blue Ribbon, and Samuel Adams branding to appeal to fans of those beers—not to critique them. (SPUF ¶¶ 114, 123, 129, 135, 142, 153, 158, 165.) *Bad Day to Be a Beer – Christmas Edition* repurposes the Grinch but without any critical bearing on it. (SPUF ¶ 148.) Likewise, *Enjoy Beer* and *Enjoy Beer – Ugly*

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

*Sweater* borrow Coca-Cola's Santa without commentary (SPUF ¶¶ 170, 176), swapping in alcohol for soda while preserving the original tone and goodwill.

The same pattern appears in its sports and entertainment-themed works: *Fantasy Football Legend* copies *Conan the Barbarian* merely as a convenient "warrior" image (SPUF ¶ 182); *Real American - Uncle Sam* mimics images of Hulk Hogan ripping off his shirt for a new character, not to convey any message about the wrestler (SPUF ¶¶ 201–202); *Do You Feel Lucky* reproduces Clint Eastwood's likeness and iconic stance with a revolver from *Dirty Harry* for humor, not critique (SPUF ¶ 197); and *Protect the Charms*, *Make Mullets Great Again*, and the *USA Jam* works exploit the popularity of Notre Dame sports, Lucky Charms, *Eastbound & Down*, and the NBA Jam video games without comment on them. (SPUF ¶¶ 190, 191, 208; SMF ¶ 57.)

Weekend Warrior's own testimony removes all doubt. For example, its founder and sole designer admitted that *Uncle Sam's American Lager* does "not" comment on the Samuel Adams brand (SPUF ¶ 165), that *Enjoy Beer* and *Enjoy Beer-Ugly Sweater* convey no message about Coca-Cola's use of Santa (SPUF ¶¶ 170, 176), that *Griddy Cerveza* does not contain "specific commentary" (SPUF ¶ 135), and that *Fantasy Football Legend* is "not even trying to go for Conan" (SPUF ¶ 182). He makes similar concessions about *Bad Day to Be a Beer - \*America Edition\**, *Ameri-CAN Eagle*, *Meri-CAN Eagle*, *Ameri-CAN V2*, *Bad Day to Be a Beer – Christmas Edition*, *Fantasy Football Legend*, *Do You Feel Lucky*, *Real American-Uncle Sam*, *I Want Brew*, *USA Jam - Uncle Sam/Merican Eagle*, and *USA Jam - Washington/Lincoln*. (SPUF ¶¶ 114, 123, 148, 153, 158, 182, 197, 202, 222; SMF ¶ 57.)

Taken together, these admissions confirm that the works borrow well-known images "to get attention or to avoid the drudgery in working up something fresh," not to express commentary.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*Campbell*, 510 U.S. at 580. Such uses have "no critical bearing on the substance or style of the original composition." *Id*. The first factor thus weighs overwhelmingly against fair use.

*Second*, the works that Weekend Warrior copied—beer-label art, advertising characters, and entertainment imagery—are paradigmatic creative works at "the core of intended copyright protection." *Id.* at 586*.* They are not factual or informational works that receive greater latitude for fair use. *Id*. This factor thus also weighs against fair use.

*Third*, Weekend Warrior copied far more than was necessary even to signal supposed humor. Its designs replicate the most distinctive and recognizable features of the originals—the Budweiser, Corona, and Miller Lite logos nearly in full; Coca-Cola's Santa intact; and Clint Eastwood's likeness from *Dirty Harry.* Taking "the heart" of a work undermines any claim of fair use. *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 564–65 (1985). Mr. Whelan easily could have created original imagery—a generic beer can or a different warrior— yet instead reproduced the originals' central expression. This factor squarely disfavors fair use.

*Fourth*, Weekend Warrior's designs harm the very markets the Copyright Act protects. The rights holders—including those with rights to the Samuel Adams, *Conan the Barbarian*, Corona, Budweiser, Pabst Blue Ribbon, Miller Lite, Hulk Hogan, Coca-Cola, NBA Jams, and Notre Dame works—license their imagery for t-shirts and merchandise. (SPUF ¶¶ 124, 137, 143, 155, 159, 165, 177, 183, 192, 203; SMF ¶ 55.) Indeed, two rights holders even sent Weekend Warrior cease-and-desist letters. (SPUF ¶¶ 115, 184.) Weekend Warrior's unlicensed copies compete directly in that same market, displacing authorized sales and diminishing the licensing value of the originals. The fourth factor, which the Supreme Court has called "undoubtedly the single most important element," *Harper & Row*, 471 U.S. at 566, weighs heavily against fair use.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Weekend Warrior's copying is not transformative, not critical, and not fair. It merely repackages others' creative expression for commercial gain. Each statutory factor cuts against fair use, and the undisputed evidence forecloses any genuine dispute of fact on fair use.

***

In sum, the record establishes that each asserted design is an unlawful derivative, leaving nothing protectable under § 103(a). *See Hiller*, 976 F.3d at 629 (when a work is based on unauthorized preexisting material, "copyright protection may not be granted"). The Court should thus deny Weekend Warrior's motion for summary judgment because it cannot meet its burden of showing that its works include copyrightable material.

### 2. Weekend Warrior is Not Entitled to Summary Judgment on Copying

Having failed to filter out an original expression in any of its 48 works, Weekend Warrior nonetheless asserts that "Amazon took exact copies" of its designs and profited from them "on a considerable scale" to seek summary judgment on the element of copying. (WW Mot. at 6, 22.) But even setting aside that third-party creators (not Amazon) chose and uploaded the designs and there is no evidence that *Amazon* copied, Weekend Warrior's argument that the allegedly infringing designs copied Weekend Warrior's works fails as a matter of law.

*First*, Weekend Warrior's motion does not compare each of the asserted 48 copyrights against the allegedly infringing ASINs to determine what (if anything) was copied. Weekend Warrior's failure to do so dooms its claim.

"To determine whether an instance of copying is legally actionable," courts in this district require "a side-by-side comparison . . . between the original and the copy to determine whether a layman would view the two works as substantially similar." *Design Basics, LLC v. Ashford Homes, LLC*, No. 1:17-CV-273, 2018 WL 6620438, at *14 (S.D. Ohio Dec. 18, 2018). Summary judgment

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

is routinely decided against movants like Weekend Warrior that fail to satisfy this burden. *See, e.g.*, *Jedson Eng'g, Inc.*, 720 F. Supp. 2d at 921 (denying plaintiff's motion for summary judgment because it "has not presented evidence . . . which demonstrates substantial similarity between its copyrighted drawings and the drawings of [defendant]"); *see also Lee v. Amazon.com Inc*., No. 221CV01090RAJBAT, 2023 WL 6931800, at *7 (W.D. Wash. July 27, 2023), *report and recommendation adopted*, No. 2:21-CV-01090-RAJ, 2023 WL 6896663 (W.D. Wash. Oct. 19, 2023), *aff'd*, No. 23-3132, 2025 WL 1202522 (9th Cir. Apr. 25, 2025) (granting Amazon's motion for summary judgment where "[e]ven assuming [p]laintiff had sufficiently identified the works, he does not purport to compare them in any detail"). The same result is warranted here.

*Second*, material disputes also exist as to whether many of the accused ASINs copied Weekend Warrior's designs at all. Amazon's expert, Ms. de Baere, performed an in-depth visual and conceptual comparison between Weekend Warrior's designs and the allegedly infringing ASINs. (SMF ¶¶ 163–164.) Ms. de Baere identified significant differences among Weekend Warrior's designs and at least 165 accused ASINs—including in fonts, colors, composition, features, and themes—that preclude any finding of direct copying, particularly given that this evidence was unrebutted. (SMF ¶¶ 163–164.) She also generally concluded that any similarities between Weekend Warrior's designs and *any* ASIN likely reflected the use of publicly available, commonplace imagery—such as leprechauns, Uncle Sam, and beer cans—rather than copying of Weekend Warrior's expression. (SMF ¶¶ 164–165.) This unrebutted expert testimony alone creates genuine disputes of material fact for the 48 asserted copyrights and forecloses summary judgment. *See Daedalus Blue, LLC*, 2023 WL 6221774, at *14 ("well-supported expert opinion evidence can generate a genuine dispute of material fact sufficient to defeat summary judgment"); *Willis*, 636 F.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Supp. 3d at 697 ("Expert testimony can serve as the basis for establishing the existence of genuine issues of material fact, which, in turn, precludes summary judgment.").

        3.    <u>Weekend Warrior Does Not Address the Volitional Conduct Requirement</u>

Weekend Warrior cannot establish direct infringement because it never addresses the threshold requirement of volitional conduct. This is another independent basis to deny summary judgment of direct infringement.

As explained in Amazon's Memorandum in Support of its Motion for Summary Judgment ("Amazon Motion") (at 18–21), direct infringement claims against online service providers require proof of "volitional conduct" by the alleged infringer. *Average Joe's Ent. Grp., LLC v. SoundCloud, LTD.*, No. 3:16-cv-3294-JPM-JB, 2018 WL 6582829, at *2 (M.D. Tenn. Oct. 17, 2018). To satisfy this element, a plaintiff must demonstrate "a relationship between the system owner and the copyrighted work that will permit the owner to prevent infringement of the work without the necessity of monitoring the behavior of third parties." *Tomelleri*, 721 F. Supp. 3d at 576 (quoting Denicola, 37 Cardozo L. Rev. at 1276). Courts consistently find no volitional act "when the only means available for a service provider to prevent the infringement is to police the actions of its individual customers." *Id*.

Weekend Warrior's failure to address volition at all is dispositive. It is well established that "[t]he *movant bears the burden of proving* that there are no genuine issues of material fact contained in the record." *Dawit v. Meharry Med. Coll.*, 721 F. Supp. 3d 647, 658 (M.D. Tenn. 2024) (emphasis in original) (citing *Adams v. Union Carbide Corp.*, 737 F.2d 1453 (6th Cir. 1984)). Thus, if a movant "does not present evidence," it does not meet its burden. *Loc. No. 499, Bd. of Trs. of Shopmen's Pension Plan v. Art Iron, Inc.*, 117 F.4th 923, 933 (6th Cir. 2024). Here, having offered no argument or evidence on this element, Weekend Warrior cannot carry its initial burden.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

In any event, even if Plaintiff had addressed volition, the result would be the same. As detailed in Amazon's Motion (at 19–21), Merch on Demand functions solely as a service through which independent sellers offer their designs—Amazon neither creates nor selects those designs. On this undisputed record, Amazon lacks the volitional conduct required for direct liability as a matter of law.

Even if volitional conduct were not resolved as a matter of law in Amazon's favor, the record contains ample disputes that independently preclude summary judgment for Weekend Warrior. Amazon sharply contests Weekend Warrior's description of Amazon's role in the Merch on Demand process, especially the extent of Amazon's control over third-party content and what Amazon reasonably understood based on the information before it. (*See* Response to WW UF ¶¶ 2, 6, 9–11, 14–16, 18–20, 24.) In Amazon's view, the undisputed evidence supports Amazon—not Weekend Warrior—on each of these points. (SPUF ¶¶ 3–6, 8, 9, 12–15, 17, 20.) But even if the Court disagrees, the correctness of Weekend Warrior's assertions is not an issue that can be resolved as a matter of law; it must be decided by a jury, not on summary judgment. *See, e.g.*, *Integrated Bar Coding Sys., Co. v. Wemert*, No. 04-60271, 2007 WL 496464, at *9 (E.D. Mich. Feb. 12, 2007) (denying plaintiff's motion for summary judgment due to "genuine issue[s] of material fact"); *Bridgeport Music, Inc. v. TufAmerica, Inc.*, No. 19 IV. 01764 (PGG), 2023 WL 4763725, at *7 (S.D.N.Y. July 26, 2023) (same).

### B. Weekend Warrior Does Not Seek Summary Judgment on Amazon's Defenses

Summary judgment must also be denied because Weekend Warrior does not challenge or even acknowledge Amazon's defenses to infringement, each of which independently precludes summary judgment.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

    1.    <u>Weekend Warrior Cannot Establish Liability for 107 Listings Protected by the DMCA Safe Harbor</u>

Summary judgment of liability cannot be granted because Amazon is not liable for 107 user-uploaded designs displayed but never sold (the "Unsold Listings"). (SPUF ¶¶ 4, 16, 18–19, 72.) The DMCA provides that a service provider "shall not be liable" for infringing material stored "at the direction of a user" if it lacks actual knowledge and acts expeditiously upon notice. 17 U.S.C. § 512(c). As discussed in Amazon's cross-motion (Amazon MSJ at 41–42), this defense fully disposes of 11 copyrights with only Unsold Listings and partially disposes of 10 more. *Zazzle*, 2017 WL 2729584, at *6–8 (holding that the DMCA safe harbor protected the print-on-demand website service Zazzle from infringement claims "to the extent [the plaintiff] seeks to impose liability based solely on the unauthorized display of copyrighted images on Zazzle's website").

Also as discussed in the cross-motion (Amazon MSJ at 42–49), seven conditions of § 512(c) are satisfied:

(1) *Service Provider*. Amazon's Merch on Demand service qualifies as "a provider of online services or network access." 17 U.S.C. § 512(k)(1)(B). (SPUF ¶ 3; *see, e.g.*, *FurnitureDealer.net, Inc. v. Amazon.com, Inc.*, No. CV 18-232 (JRT/HB), 2019 WL 3738622, at *5 (D. Minn. Aug. 8, 2019) ("Amazon is a 'service provider.'").

(2) *User-Directed Storage*. Users, not Amazon, upload designs, select products, and provide listing details. (SPUF ¶¶ 3, 5, 9–10, 12.) Amazon's systems automatically store inputs and generate listings. (SPUF ¶¶ 13–14.) Amazon doesn't review, edit, or select designs. (SPUF ¶¶ 9, 11, 13, 15.) Content originates from users; display results from automated storage. *See, e.g.*, *Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 604–07 (9th Cir. 2018) (content uploaded and labeled by users is stored "at the direction of a user" even where the service provider screens for prohibited material).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

(3) *Lack of Knowledge; Expeditious Removal*. Weekend Warrior never notified Amazon about the Unsold Listings. (SPUF ¶¶ 72–73.) Notices that fail to identify specific material "shall not be considered" for determining knowledge. 17 U.S.C. § 512(c)(3)(B)(i)–(ii). No evidence shows Amazon independently knew of infringement. *Ventura Content*, 885 F.3d at 609 (under § 512(c)(1)(A)(i), "knowledge" means "actual" awareness, "not merely a possible inference from ambiguous circumstances"). General knowledge that infringement might occur is insufficient for "red-flag" knowledge. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1022–23 (9th Cir. 2013) ("[defendant's] general knowledge that it hosted copyrightable material and that its services could be used for infringement is insufficient to constitute a red flag"). Once Amazon learned of listings through this lawsuit, it removed them within 14 days. (SPUF ¶¶ 86–88, 91, 93.)

(4) *No Control; No Direct Financial Benefit*. Amazon lacks "right and ability to control" because it doesn't "exert substantial influence on the activities of users." *UMG Recordings*, 718 F.3d at 1030 (internal citation omitted). The Unsold Listings generated no sales or advertising revenue. (SPUF ¶ 72.) Amazon received no "financial benefit directly attributable to the infringing activity." 17 U.S.C. § 512(c)(1)(B).

(5) *Expeditious Removal Upon Notice*. Weekend Warrior never sent compliant DMCA notices identifying the ASINs at issue. (SPUF ¶ 73.) The statute places "the burden of policing copyright infringement—identifying the potentially infringing material and adequately documenting infringement—squarely on the owners of the copyright." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1113 (9th Cir. 2007). Safe harbor requires "specific knowledge of particular infringing activity." *UMG Recordings*, 718 F.3d at 1021.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

(6) *Repeat-Infringer Policy*. Amazon maintains a working notification system, responds to DMCA notices, terminates repeat infringers, and uses automated tools to prevent repeat offenders from creating new accounts. (SPUF ¶¶ 27, 29, 32, 38–45, 47, 49.) This satisfies the requirement for "reasonable implementation." *Ventura Content, Ltd. v. Motherless, Inc.*, No. 2:11-CV-5912-SVW-FMO, 2013 WL 11237204, at *13 (C.D. Cal. July 3, 2013), *aff'd*, 885 F.3d 597 (9th Cir. 2018).

(7) *Designated Agent*. Amazon publicly identifies its Copyright Agent through its website with a dedicated email, online Report Infringement form, and physical mailing address. (SPUF ¶¶ 38–44.) This complies with § 512(c)(2). *Lee*, 2023 WL 6931800, at *1, *8.

The DMCA protects service providers in precisely these circumstances. The Unsold Listings generated no sales, revenue, or infringing products—only user content Amazon promptly removed. Partial summary judgment should be granted. *Hendrickson v. Amazon.Com, Inc.*, 298 F. Supp. 2d 914, 918 (C.D. Cal. 2003); *Io Grp., Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132, 1155 (N.D. Cal. 2008) (safe harbor applied where defendant had a "strong DMCA policy, takes active steps to limit incidents of infringement on its website and works diligently to keep unauthorized works off its website").

Thus, because Amazon is not liable for the alleged infringement under the DMCA, Weekend Warrior's motion for summary judgment of liability should be denied.

2. <u>Amazon Disputes Weekend Warrior's Claim That It Has Valid Copyright Registrations</u>

Weekend Warrior also cannot obtain summary judgment because substantial factual disputes exist regarding whether it possesses *valid* copyright registrations for the asserted works, as required by § 411(a). A registration is invalid if the applicant knowingly included inaccurate

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

information that, if known, would have caused the Register of Copyrights to refuse registration. 17 U.S.C. § 411(b)(1).

An applicant includes inaccurate information "with knowledge that it was inaccurate" under § 411(b) when it had actual knowledge of the inaccuracy or was willfully blind to it. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 188 (2022). The statute does not require an intent to deceive. *Id.* at 185 ("if Congress had intended to impose a scienter standard other than actual knowledge, it would have said so explicitly"); *see also Lieb v. Korangy Publ'g, Inc.*, No. CV 15-0040 (AYS), 2022 WL 1124850, at *12 (E.D.N.Y. Apr. 14, 2022) ("this Court finds *Unicolors* clear in adopting nothing more than an actual knowledge requirement"). A court "need not automatically accept" a registrant's claimed ignorance of copyright legal requirements. *See Unicolors*, 595 U.S. at 188. Instead, it may find an applicant "was actually aware of, or willfully blind to, legally inaccurate information" based on "the significance of the legal error, the complexity of the relevant rule, the applicant's experience with copyright law, and other such matters." *Id.*

Weekend Warrior's applications contain multiple such knowing and material inaccuracies, resulting in a finding of invalidity for all of the asserted copyrights.[11]

---

[11] Weekend Warrior's summary judgment motion cites to and relies on its original registrations, not the nine supplementary registrations Weekend Warrior later obtained. (WW Mot. at 6, 10, 24.) These supplementary registrations did not issue until September 2025, and all have July 11, 2025, effective dates of registration (SMF ¶ 162), which is more than a year after Weekend Warrior instituted this action (November 11, 2023) and after it filed the First Amended Complaint (February 27, 2024). Amazon reserves the right both to challenge the validity of the supplementary registrations and Weekend Warrior's ability to rely on them to satisfy § 411(a) in this action should Weekend Warrior later attempt to rely upon them. *See, e.g.*, U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 1802.12 (3d ed. 2021) (supplementary registrations have later effective dates of registration "to allow courts to decide (i) whether the changes made by the supplementary registration are material, and (ii) whether those changes should or should not be deemed effective as of the date that the basic registration was made or the date that the supplementary registration was made").

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*First*, Weekend Warrior failed to disclose preexisting material in its copyright applications—both third-party works and its own previously published designs—despite clear statutory and Copyright Office requirements mandating such disclosure.

The Copyright Act requires applicants to identify any "preexisting work or works that [the claimed work] is based on or incorporates." 17 U.S.C. § 409(9). Copyright Office guidance likewise instructs that applicants "must exclude" third-party copyrighted material from the claim. *Compendium of U.S. Copyright Office Practices* § 907.02 (3d ed.).

Weekend Warrior's interrogatory responses admit that all 48 asserted designs used preexisting source images—often substantially—including works Weekend Warrior admits are "based on," "mimicking," "resembling," or "including" third-party expression. (SPUF ¶¶ 110–159, 166–235; SMF ¶¶ 22–148.) Many of these source works are easily identifiable, such as well-known beer labels, the Coca-Cola Santa, *Conan the Barbarian* posters, *Dirty Harry* imagery, Lucky Charms characters, and NBA Jam figures. Yet none of these preexisting works was disclosed in any corresponding copyright application.

In addition, 19 of the 48 asserted designs are also derivative of Weekend Warrior's own previously published works, including six "Bad Day" variants, six "Griddy" variants, *Ameri-CAN V2*, *Enjoy Beer – Ugly Sweater*, *USA Jam – Uncle Sam/Merican Eagle*, and earlier iterations of *I Want Brew*, *Real American – Uncle Sam*, *Tits McGee Irish Pub*, and *Can't Get Hungover*. (SPUF ¶¶ 160–165, 176–178, 187–193, 198–204.) These earlier works, too, were never disclosed in the "Material Excluded" portion of the applications.

Mr. Whelan cannot use the fact that he is a nonlawyer to excuse these material omissions. *Lieb*, 2022 WL 1124850, at *12, is instructive. The court emphasized that the Copyright Office's materials provide "clear, basic information as to registering and properly limiting their claims of

copyright," all of which are "readily available to all who seek to register copyrights." *Id.* at *7. The court held that these materials were "easily understandable by anyone, including a lay person without a law degree." *Id.* at *13. Though the registrant in that case argued he was "not a copyright lawyer," the court rejected that excuse, stressing that "[t]he terms 'prior' and 'published' are not nuanced legal terms—they are plain English." *Id*. at *13–14. Indeed, a truthful actor "would be alerted to the issue of disclosing previously published material simply by responding truthfully to questions 5 and 6" on Form TX. *Id*. at *13. Because the registrant ignored "clear, basic information," the court held that "only willful blindness to the law can explain the inaccuracy at issue." *Id*. at *12–14.

The evidence here is even more substantial because the Copyright Office *communicated with* Mr. Whelan about his obligation to disclose the prior works. The Copyright Office expressly informed Mr. Whelan on August 18, 2023, that such disclosures were required. (SMF ¶ 153.) Mr. Whelan acknowledged the instruction—responding, "[t]hat makes sense and I will remember this for future reference." (SMF 156.) Yet he did not disclose preexisting works in any of the 35 registrations then-pending or that he submitted thereafter. (SMF ¶¶ 149–151.) This pattern strongly supports a finding of actual knowledge or willful blindness and, at minimum, creates circumstantial evidence precluding summary judgment.

Therefore, there is ample evidence both that the registrations contain inaccurate information and that Weekend Warrior knew of these inaccuracies. *See Starbuzz Tobacco, Inc. v. Gold Star Tobacco Inc*., No. SACV1900408JVSDFMX, 2019 WL 12446075, at *4 (C.D. Cal. July 3, 2019) ("Failure to 'identify preexisting work upon which a derivative work is based' on an application to the Register constitutes the inclusion of 'inaccurate information' under 17 U.S.C. § 411(b)(1)."). And numerous courts have held that the failure to disclose preexisting material is

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

precisely the type of information that would cause the Register of Copyrights to refuse registration, establishing materiality. *See, e.g.*, *Heritage Homes, LLC v. Benjamin Custom Homes, LLC*, No. 3:18-CV-271, 2020 WL 12441962, at *3 (D.N.D. May 27, 2020) ("the inaccuracy – the existence of a previous design – is material to the decision of whether the work should be copyrighted"); *Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595-JD-JEM, 2019 WL 3749990, at *3 (N.D. Ind. Aug. 8, 2019) ("the existence of a previous design – is material to the decision of whether the work itself should be copyrighted"); *Lieb*, 2022 WL 1124850, at *13–14 (non-disclosure of preexisting work "falls squarely into the category of information that would have caused refusal").

*Second*, the copyright applications for nine asserted works contain inaccurate dates of first publication—dates that Weekend Warrior now concedes were wrong and that courts find to be material. *See dmarcian, Inc. v. DMARC Advisor BV*, No. 1:21-CV-00067-MR, 2024 WL 1916715, at *12 (W.D.N.C. May 1, 2024) ("Copyright Office 'would not have registered the Work if it had been aware that (1) the Work's first publication date and/or completion date were incorrect").[12]

The first inaccurate date appeared in the application for *Leprechaun Griddy*, which Weekend Warrior published on January 25, 2023, but for which Mr. Whelan listed a publication date of January 27, 2023—one day inside the statutory-damages eligibility window of § 412. (SMF ¶¶ 157–158.) Mr. Whelan claimed he "relied on" customer-email launch dates rather than website publication dates, but he knew that website publication and email announcements were "two different things," and had access to sales data, website source code, and even a Facebook post he personally made publicizing the design months earlier. (SMF ¶¶ 158–159, 161.) Regardless, that

---

[12] Even though the Register later issued supplementary registrations with corrected dates, that does not cure the material inaccuracy in the original applications or establish that the originals would have been accepted had the truth been disclosed. *See* U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 1802.12 (3d ed. 2021).

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

this inaccurate publication date rendered the work eligible for statutory damages by a margin of *just one day* under § 412 is a fact that strongly supports a finding of actual knowledge or willful blindness.

He repeated this same error for eight other works.[13] (SMF ¶ 160.) Courts routinely hold that inaccurate publication dates are material and invalidate registrations. *See SellPoolSuppliesOnline.com*, 804 F. App'x at 670 (affirming summary judgment for defendants: "Plaintiff's certificate of registration was invalid" due to inaccurate date of first publication, thus "Plaintiff failed to satisfy the registration precondition under 17 U.S.C. § 411 to bring a copyright infringement claim"); *Geospatial Tech. Assocs., LLC v. U.S.*, 171 Fed. Cl. 288, 295 (2024) ( "the registration would not have been accepted if the [Copyright Office] had known that the application provided incorrect dates of first publication").

\*\*\*

Taken together, Weekend Warrior's admissions, its failure to retain or identify the preexisting materials, the Copyright Office's prior instruction to disclose preexisting content, and the multiple inaccurate publication dates create abundant factual disputes as to whether the

---

[13] The pattern of errors is also telling. The first inaccuracy appears in *Leprechaun Griddy*, where Weekend Warrior listed a publication date that was not merely wrong but *wrong in the direction necessary* to qualify the work for statutory damages by a single day. Weekend Warrior now says the date came from the launch email it sent to customers rather than the actual date of website publication, but that explanation underscores the problem: once Weekend Warrior adopted that proxy method for *Leprechaun Griddy*, it appears to have used the same approach for at least eight subsequent applications, producing a string of identically inaccurate dates. That repeated misdating is inconsistent with innocent error and is fully consistent with courts' conclusions that materially incorrect publication dates are grounds to invalidate a registration. SMF ¶¶ 158-160.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

registrations satisfy § 411(a). Summary judgment cannot be granted in the face of such disputed, and likely disqualifying, facts.[14]

### C. Weekend Warrior Is Not Entitled to Summary Judgment on Five Disregarded Copyrights

Weekend Warrior cannot obtain summary judgment on liability for five copyrights that it either failed to plead or has not matched to any accused listings.

A plaintiff's complaint must state "which *specific* original work is the subject of the copyright claim, that plaintiff owns the copyright, [and] that the work in question has been registered in compliance with the statute." *Flynn*, 2004 WL 51929, at *12 (quoting *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979)). A plaintiff "may not rely on unpleaded" copyrights "to support his copyright infringement claim." *Melk v. Pa. Med. Soc'y*, No. CIV.A. 08-3515, 2011 WL 2582105, at *1 n.2 (E.D. Pa. June 29, 2011). Additionally, a plaintiff must specify "by what acts and during what time defendant has infringed the copyright." *Flynn*, 2004 WL 51929, at *12 (quoting *Gee*, 471 F. Supp. at 643); *Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004) (to succeed on copyright claim, must prove defendant "copied" the work).

Here, three copyrights identified as corresponding to accused works were never pleaded. Although Weekend Warrior's operative complaint mentions *King of the Kill* and *Happy St. PatRizz Day*, it expressly states it "*does not assert* direct or indirect copyright infringement claims as to these designs at this time, but reserves the right to amend its Complaint once those registrations

---

[14] To the extent any inaccuracy in Weekend Warrior's applications was included with the requisite knowledge under § 411(b)(1), § 411(b)(2) directs that "the Register of Copyrights shall be notified" and asked whether the inaccuracy would have caused the Register to refuse registration. Amazon can move separately, if necessary, for referral under § 411(b)(2), though the Court may also seek the Register's advice *sua sponte*.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

are approved." (SPUF ¶ 98 (emphasis added).) The complaint does not mention *Down Goes Liver* at all. (SPUF ¶ 99; *see generally* Doc. 17 at PageID 118–252). Weekend Warrior never moved to amend its complaint to plead infringement for any of these three copyrights, and now admits that *Down Goes Liver* is "not at issue in this case." (SPUF ¶ 100; Doc. 57 at PageID 3544.) Nevertheless, Weekend Warrior accused product listings of infringing these copyrights in its Court-ordered disclosure of allegedly infringing designs with their ASINs. (SPUF ¶ 102.) Because *King of the Kill*, *Happy St. PatRizz Day*, and *Down Goes Liver* were never pleaded, Weekend Warrior cannot obtain summary judgment on liability for these works. *See, e.g.*, *Melk*, 2011 WL 2582105, at *1–2 & n.2 (granting summary judgment on copyright claim and holding that there is a "single copyrighted work at issue here" because the other works are "unpleaded" and the "Complaint must state which specific works he believes have been infringed").

Two other copyrights lack any identified infringing listings. This Court ordered Weekend Warrior to identify "each allegedly infringing design (with its ASIN) on Amazon, grouped by (and side-by-side with) the work they allegedly infringe." (SPUF ¶ 101.) Weekend Warrior has never identified any infringing works corresponding to *Ameri-CAN v2* or *Shut-Up Liver*. (SPUF ¶ 102.) Weekend Warrior therefore cannot obtain summary judgment on liability for these copyrights. *See, e.g.*, *Nat'l Bus. Dev. Servs., Inc.*, 299 F. App'x at 512 (affirming dismissal of copyright infringement claim where plaintiff failed to "identify any specific works by defendants that infringe on plaintiff's copyright").

Because these five copyrights either were not pleaded or do not correspond with any accused listings, Weekend Warrior's motion for summary judgment of blanket liability must be denied.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

III. **Weekend Warrior Is Not Entitled to Summary Judgment on Its Indirect Infringement Claims**

Weekend Warrior's motion fares no better on its claims for indirect infringement. Although it accuses Amazon of both contributory and vicarious liability and seeks summary judgment on those theories, it makes no serious attempt to develop either theory or apply the governing law to the facts of this case.

Weekend Warrior's motion hardly mentions its contributory and vicarious infringement claims (Counts II and III), much less proves them. If it intends to seek summary judgment on those theories, that effort fails at the starting line. Weekend Warrior merely lists the elements of indirect infringement (WW Mot. at 22–23) and, in a single sweeping assertion, claims that "[w]hether directly or indirectly, Amazon is liable." (*Id.* at 23.) That kind of unsupported conclusion cannot sustain summary judgment. *See, e.g.*, *Motorola*, 2005 WL 5918849, at *4–5 (denying plaintiff's summary judgment motion on indirect infringement claims where plaintiff "merely recit[ed] the legal elements of the claims, but provid[ed] no factual citations to the evidence in support of the specific factors for contributory and vicarious liability"); *Stoddard v. United States*, 664 F. Supp. 2d 774, 788 n.3 (E.D. Mich. 2009) ("[A] court abuses its discretion if it grants a summary judgment motion where the moving party has not met its [initial] burden.") (citing *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 726 (6th Cir. 2000)). Having failed to apply the law—or even point to evidence—Weekend Warrior's motion for summary judgment on its indirect infringement theory necessarily fails.

Moreover, as Weekend Warrior admits, both contributory and vicarious infringement require a predicate act of direct infringement by a third party. *See* WW Mot. at 22–23 (citing *NCR Corp.*, 512 F.3d at 816; *Broad. Music, Inc.*, 754 F.3d at 354). Yet as discussed above in section II, Weekend Warrior has not established direct infringement for any of its 48 asserted works or

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

performed the necessary work-by-work analysis. That shortcoming also independently defeats Weekend Warrior's indirect infringement claims.

Even if those two dispositive failures did not already defeat Weekend Warrior's indirect infringement theories, the law and record evidence demonstrate that Amazon, not Weekend Warrior, is entitled to summary judgment on the contributory and vicarious copyright infringement claims. (Amazon MSJ at PageID 6986–96.) And, at a minimum, genuine disputes of material fact preclude summary judgment for Weekend Warrior on either indirect infringement theory.

### A. Weekend Warrior Cannot Succeed on Its Contributory Copyright Infringement Claim

Amazon is entitled to summary judgment on contributory infringement for the reasons explained in its Motion. (Amazon MSJ at PageID 6986–91.) But even if the Court were to disagree, Weekend Warrior's own motion fails because material factual disputes remain on every element of contributory liability.

To prevail, Weekend Warrior acknowledges that it must prove not only a predicate act of direct infringement by a third-party, but also that Amazon (i) had knowledge of specific infringing acts and (ii) materially contributed to those acts. *See* WW Mot. at 23 (citing *NCR Corp.*, 512 F.3d at 816). It does neither. At minimum, genuine disputes of material fact exist as to each element.

On knowledge, disputes remain as to whether Weekend Warrior ever sent notices identifying any of the 48 asserted copyrights. Its pre-suit notices covered only five of those copyrights and just 21 of the 560 product listings it now alleges are infringing. (SPUF ¶¶ 67–69.) *See, e.g.*, *Adobe*, 173 F. Supp. 2d at 1055 (denying summary judgment where triable issue existed as to whether pre-suit notice provided sufficient knowledge to justify contributory liability).

On material contribution, Amazon provides a neutral service capable of substantial noninfringing uses, which cannot establish contributory liability as a matter of law. *See Sony Corp.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984) (no material contribution where product was "capable of substantial noninfringing uses"); *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (no liability for carrier that "engage[d] in the equivocal conduct of selling an item with substantial lawful as well as unlawful uses"). At minimum, a reasonable jury could find that Amazon did not materially contribute to any alleged infringement: Amazon does not create, edit, or select the designs uploaded by third-party creators (SPUF ¶¶ 5, 8–9, 17); and it has implemented extensive measures to detect and remove infringing material (SPUF ¶¶ 23, 30–32). *See, e.g.*, *Arista Recs. LLC v. Myxer Inc.*, No. CV 08-03935 GAF (JCx), 2011 WL 11660773, at \*44–45 (C.D. Cal. Apr. 1, 2011) (denying summary judgment where defendant provided examples of noninfringing uses and direct infringement had not been established).

### B. Weekend Warrior Cannot Succeed on Its Vicarious Copyright Infringement Claim

Amazon is also entitled to summary judgment on vicarious infringement for the reasons set forth in its Motion. (Amazon MSJ at PageID 6986–96.) But even if the Court were to disagree, factual disputes independently foreclose summary judgment for Weekend Warrior.

To prevail, Weekend Warrior must prove both that Amazon (i) had the right and ability to supervise and control the infringing conduct and (ii) "declin[ed]" to "limit" that conduct. *See* WW Mot. at 23 (quoting *Broad. Music, Inc.*, 754 F.3d at 354). It has done neither.

*First*, there is no genuine dispute that Amazon does not edit or alter the designs uploaded by independent third-party creators. (SPUF ¶¶ 5, 8–9, 17; WW UF ¶ 11.) The mere ability to remove listings or terminate user access—authority any online service retains—is insufficient as a matter of law to establish the "right and ability to control." (Amazon MSJ at PageID 6991–93

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

(collecting cases).) *See Sony Corp.*, 464 U.S. at 439 (no vicarious liability where company merely sold a product "with constructive knowledge" it might be misused).

At minimum, whether Amazon's role satisfies this standard presents a question for the jury. *See Home Design Servs., Inc. v. Great Am. Homes of Memphis, L.L.C.*, No. 03-2742 MA/A, 2006 WL 8435810, at *3 (W.D. Tenn. June 13, 2006) (denying summary judgment on vicarious copyright infringement where a genuine issue of material fact existed about whether defendant "had the right and ability to supervise the alleged infringing activity"); *Bell v. Startup Prod., LLC*, No. CV 5:18-02-DCR, 2018 WL 6068998, at *6 (E.D. Ky. Nov. 20, 2018) (denying summary judgment on vicarious infringement where factual disputes existed over the extent of the website's control of party who uploaded the infringing photo).

*Second*, the record forecloses any claim that Amazon "declin[ed]" to limit infringement. Undisputed evidence shows that Amazon maintains robust intellectual-property enforcement programs, proactively screens for policy violations, and promptly removed every listing identified by Weekend Warrior after suit was filed. (*See* Response to WW UF ¶¶ 1, 3–6, 14, 40; SPUF ¶¶ 22–61, 86–97.) Unrebutted expert testimony further confirms the reasonableness of these practices. (SPUF ¶ 61.)

At a minimum, factual disputes on whether Amazon declined to limit infringement on Merch on Demand preclude summary judgment for Weekend Warrior. *See Adobe*, 173 F. Supp. 2d at 1055 (triable issue of fact existed as to whether defendant had the "ability to root out the infringing conduct" given the alleged size of defendant's trade show, scope of the infringing activity, and the practical ability of defendant's staff to identify infringing products); *Arista Recs. LLC*, 2011 WL 11660773, at *45 (denying plaintiff summary judgment on vicarious infringement

AMAZON OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT      -49-      1:23-cv-00752

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

where factual disputes existed over whether defendant declined to control infringement by third-party users where defendant employed several systems and tools to target infringement).

IV.  **Weekend Warrior Is Not Entitled to Summary Judgment of Willful Infringement**

Weekend Warrior seeks summary judgment that Amazon acted willfully and is therefore subject to enhanced statutory damages under 17 U.S.C. § 504(c)(2). But the statute squarely places the burden on the plaintiff to "sustain[] the burden of proving . . . that infringement was committed willfully." *Id.* And willfulness requires proof that the defendant acted "with knowledge that the defendant's conduct constitutes copyright infringement, or with reckless disregard of that fact." *Bridgeport Music, Inc.*, 585 F.3d at 278; *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011) (recklessness here requires a defendant to "know[] of a substantial and unjustified risk of . . . wrongdoing").

Weekend Warrior concedes that summary judgment on willfulness is appropriate only "where the relevant facts are admitted or otherwise undisputed." (WW Mot. at 28 (quoting *Calibrated Success, Inc.*, 72 F. Supp. 3d at 775).) But it fails to note that the *Calibrated Success* court denied summary judgment on willfulness and underscored that "the determination of willfulness, which requires the assessment of the defendant's intent, is an issue of fact" and that "[i]n general, factual issues are not susceptible to summary judgment." *Id.* That decision highlights why Weekend Warrior's request is untenable.

Here, because no reasonable jury could find that Amazon acted with the requisite state of mind as to any asserted work, Amazon is entitled to summary judgment on willfulness. (Amazon MSJ at PageID 7017–23.) But at the very least, Weekend Warrior's failure to analyze willfulness on a work-by-work basis, and genuine disputes of material fact and credibility determinations, foreclose any judgment in its favor.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

A.     **Weekend Warrior's Failure to Analyze Willfulness on a Work-by-Work Basis Is Fatal to Its Motion**

The motion fails at the outset because Weekend Warrior never analyzes willfulness on a work-by-work basis. The Copyright Act structures statutory damages—and the willfulness inquiry that enhances them—on a per-work basis. 17 U.S.C. § 504(c)(1) (authorizing statutory damages "with respect to any one work"). Consistent with that structure, model jury instructions in multiple circuits direct jurors to determine willfulness for each infringed work, not for a catalog as a whole. *See* Ninth Cir. Jury Instructions Comm. § 17.35 (jurors "may award as much as $150,000 for *each work* willfully infringed") (emphasis added); Model Civil Jury Instructions for the United States District Courts of the Eighth Circuit § 20.72 (adopted July 2023) (if jurors "find that the defendant willfully infringed the plaintiff's copyright," they "may award up to $150,000 *per copyrighted work*" (emphasis added)).

Courts apply this principle in practice. For example, in *Shell v. Lautenschlager*, No. 1:15-CV-1757, 2017 WL 4919206, at *8 (N.D. Ohio Oct. 31, 2017), the court found willfulness for one copyrighted work, but not others, because the plaintiff's evidence of knowledge and notice varied across the works. *Id.* That decision illustrates why a plaintiff cannot assume that a single, global state of mind resolves willfulness for dozens of distinct copyrights—the evidence supporting willfulness can differ work by work.

That is particularly true here. It is undisputed that Amazon maintains anti-fraud and anti-infringement systems, reviews ████████ takedown notices each year, removes large volumes of potentially infringing content, and did remove every U.S. listing once notified in this case. (*See supra* 9–12.) In these circumstances, any willfulness inquiry necessarily depends on what Amazon knew about each specific design, when it knew it, and how its systems treated the notices relating to that design. Weekend Warrior does not offer any evidence or analysis on that point.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Instead, Weekend Warrior advances a single, broad willfulness story and never engages with the required work-by-work inquiry. (WW Mot. at 28–31.) It cites no facts addressing Amazon's knowledge or intent as to any specific design. (*Id.*) Such an undifferentiated narrative cannot support summary judgment. Indeed, courts hold that such arguments offered only in passing, without developed and work-specific analysis, are deemed waived. *See McPherson*, 125 F.3d at 995–96 (summary judgment cannot rest on "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation"); *Navarro*, 515 F. Supp. 3d at 777–78 ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *Northgate Lincoln-Mercury*, 507 F. Supp. at 947 (same).

### B. Weekend Warrior Cannot Obtain a Willfulness Finding as a Matter of Law for 46 of the 48 Asserted Copyrights

Despite Weekend Warrior broadly seeking summary judgment on willfulness, it cannot obtain such a ruling for 46 of the 48 asserted copyrights for two independent reasons.

*First*, Weekend Warrior has already stipulated that 22 of the asserted copyrights are ineligible for statutory damages because the alleged infringement began before registration and more than three months after first publication. (Doc. 41; SPUF ¶ 103.) And the same statute that bars Weekend Warrior from recovering statutory damages also bars Weekend Warrior from recovering attorney's fees for those same copyrights. 17 U.S.C. § 412; *see* Amazon MSJ at PageID 7017–19. Willfulness matters only because it raises the statutory-damages ceiling and for determining attorney's fees, *see* 17 U.S.C. § 504(c)(2), and so the parties' stipulation necessarily forecloses any finding of willfulness as to those works. Simply put, Weekend Warrior cannot revive statutory-damages designations it has already disclaimed.

*Second*, of the remaining 26 asserted copyrights, Weekend Warrior provided Amazon with pre-suit notice for only two: *Ameri-CAN Eagle* and *Pat McCrotch*. (SPUF ¶¶ 67, 70–71.) For the

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

other 24 works, the undisputed record shows that Amazon had no pre-suit knowledge—actual or alleged—of any infringement because no notice identified the works, the listings, or any basis on which Amazon could have known they were allegedly infringing. *See* Amazon MSJ at PageID 7019–23 (collecting cases rejecting willfulness where defendant lacked work-specific notice). Without such knowledge, willfulness cannot be established as a matter of law. *See, e.g.*, *Io Grp.*, 586 F. Supp. 2d at 1148–50 (no willfulness where "plaintiff provided no notice to [defendant] of any claimed copyright infringement"); *New Form, Inc. v. Cozumel Films, LLC*, 2006 WL 8433989, at *16 (C.D. Cal. Mar. 15, 2006) (denying summary judgment on willfulness where pre-suit notices covered only three of the five works at issue).

    **C.**    **The Undisputed Facts Foreclose Any Finding of Willfulness, and At Minimum, Genuine Disputes of Material Fact Preclude Summary Judgment for the Remaining Two Works**

Even setting aside the threshold defects discussed above and considering the merits, Weekend Warrior still cannot obtain summary judgment on willfulness. On the undisputed record, no reasonable jury could conclude that Amazon acted knowingly or recklessly, as required to find willfulness. And, at a minimum, the evidence presents classic disputes of fact that preclude judgment in Weekend Warrior's favor.

    1.    <u>No Reasonable Jury Could Find that Amazon Acted Knowingly or Recklessly to Allegedly Infringe Weekend Warrior's Copyrights</u>

The undisputed evidence shows that Amazon acted reasonably—not knowingly or recklessly—when it ██████████████████ at issue. The pre-suit notices ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████, even though Weekend Warrior's witnesses admit they have ██████████████████. (SPUF ¶¶ 74–80.) At the same time, Amazon was receiving a cluster of fraudulent takedown requests ████

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

████████████████████████████████████████████████████████

████—each purporting to own the very same designs. (SPUF ¶¶ 81–85.) Considering that context, applying neutral anti-fraud procedures to the twhelan40@gmail.com address—procedures Amazon uses for the ████ notices it receives each year—was a standard, prudent, and reasonable response. (SPUF ¶¶ 45–46, 78–80.) Nothing about that conduct supports finding that Amazon knew of infringement or recklessly disregarded the risk of infringement.

At most, Weekend Warrior's theory amounts to an allegation that Amazon should have done more, or should have investigated differently.[15] (WW Mot. at 30–31 (suggesting that Amazon should have had its investigator "search[]" sources including "LinkedIn," "Ohio residence webpage[s]," and social media).) But even if that were true, negligence is not willfulness. Courts uniformly hold that conduct amounting to ordinary negligence, or even "should have known" allegations, cannot satisfy the heightened mental state that § 504(c)(2) requires. *See SA Music, LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 884 (N.D. Cal. 2022) ("To say that a defendant 'should have known' of a risk, but did not know of it, is to say that he or she was 'negligent' as to that risk. . . . 'Negligence is a less culpable mental state than actual knowledge, willful blindness, or recklessness—the three mental states that properly support a finding of willfulness.'" (quoting *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019))); *Capitani v. World of Miniature*

---

[15] Weekend Warrior's argument that Amazon should have made a phone call as part of its verification is legally irrelevant. (WW Mot. at 29-30.) Nothing in the Copyright Act, the DMCA, or any case cited by Weekend Warrior imposes a duty on an online service to telephone individuals who submit infringement allegations. *See Veoh*, 665 F. Supp. 2d at 1108 ("[I]f investigation of 'facts and circumstances' is required to identify material as infringing, then those facts and circumstances are not 'red flags.'"). In any event, Weekend Warrior never explains how a phone call would have addressed the verification problems in its notices. And even if such a call were somehow relevant, that contention raises, at most, a factual issue inappropriate for summary judgment—not a basis to deem Amazon willful as a matter of law.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

*Bears, Inc.*, 552 F. Supp. 3d 781, 799 (M.D. Tenn. 2021) (facts that "may establish that [defendant] acted negligently [did] not show that [defendant's] conduct constituted willful infringement").

In sum, Amazon's actions are precisely the kind of routine, good-faith enforcement that courts deem inconsistent with willfulness. Because no reasonable jury could find that Amazon acted knowingly or recklessly under these circumstances, Weekend Warrior cannot obtain a willfulness finding as a matter of law. *SA Music LLC*, 592 F. Supp. 3d at 882–83 (granting summary judgment of no willfulness in part because third parties who uploaded alleged infringing music to Apple's platform represented they had the right to do so and because Apple maintained takedown procedures when notified of alleged infringement).

2. At Best for Weekend Warrior, Factual Disputes Preclude Summary Judgment of Willfulness

At summary judgment, the Court must view the evidence in the light most favorable to Amazon and "all justifiable inferences are to be drawn in [Amazon's] favor." *Anderson*, 477 U.S. at 255. Under that standard, even if the Court were to credit Weekend Warrior's characterization of the facts, the record reflects that, at worst for Amazon, there are genuine disputes of material fact concerning Amazon's knowledge, intent, and the reasonableness of its conduct. *See Calibrated Success*, 72 F. Supp. 3d at 775 (willfulness is an "issue of fact" and "[i]n general, factual issues are not susceptible to summary judgment").

None of Weekend Warrior's arguments, even taken at face value, eliminate the jury disputes on its affirmative theory of willful infringement.

*First*, Weekend Warrior's principal theory is that Amazon "███████████████████████" and intentionally refused to review his notices. (WW Mot. at 31.) But Amazon ███████████ ██████ only after applying the same neutral, multi-factor anti-fraud protocols it consistently uses for notices, prompted by multiple fraud indicators: ████████████████████████

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████. (SPUF ¶¶ 74–85.) A jury could credit Amazon's

evidence and conclude that ████████████ reflected good-faith application of standard fraud

controls, not knowing or reckless disregard of infringement. *See, e.g.*, *McDermott v. Kalita Mukul*

*Creative Inc.*, 757 F. Supp. 3d 301, 315 (E.D.N.Y. 2024) (no willfulness as a matter of law where

defendant's "compliance system may have been imperfect and its conduct negligent, but Defendant

did not act recklessly").

*Second*, Weekend Warrior points to 2021 communications regarding a product not asserted

in this case, the *Statue of Libeerty* jersey, arguing that Amazon "ignored" the notices.[16] (WW Mot.

at 29–30.) But the record shows Amazon removed at least five listings relating to those 2021

notices. (SMF ¶ 5.) And the notices predate the relevant events by more than a year, concern a non-

asserted design, and at most create a factual dispute about the weight and significance of Amazon's

response. None of that remotely establishes willfulness as a matter of law for the 48 copyrights

*actually asserted* in this case. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 749 (9th Cir. 2019)

(reversing willfulness finding and holding that, in light of plaintiff's "minimal notice of

infringement," Zillow "could not reasonably be expected to have promptly and unilaterally

removed each flagged photo").

*Third*, Weekend Warrior also highlights Amazon's mid-litigation ████████████████

████████████████████████████. (WW Mot. at 31.) But uncontroverted evidence shows this

---

[16] Amazon objects to the consideration of Weekend Warrior's late-produced materials about these
2021 communications, produced after the close of discovery under Fed. R. Civ. P. 37(c)(1).

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

action did not ██████████████████████████████, because, by that point, Amazon and Weekend Warrior's counsel were communicating directly and all listings Weekend Warrior identified were promptly removed. (SPUF ¶¶ 86–97.) The ████████████ was supported by the same neutral fraud factors as before, including the continued ███████████████████████ ██████████████████████████████. (SPUF ¶¶ 77–80; SMF ¶¶ 11–12.) At minimum, a reasonable jury could view this as consistent with Amazon's standard anti-fraud practices, not knowing or reckless disregard of infringement. *See Krikor v. Sports Mall, LLC*, No. CV 22-5600, 2023 WL 2372068, at *11 (C.D. Cal. Jan. 24, 2023) (denying plaintiff's summary judgment motion on willfulness where dispute existed as to how defendant managed its "block list" and monitored its automated listings system).

*Fourth*, Weekend Warrior's citation to screenshots from foreign Amazon marketplaces in Canada and the United Kingdom (WW Mot. at 31 (citing Doc. 59 at PageID 6177–78; 59-5)) is irrelevant to Amazon's state of mind concerning U.S. copyrights. *See, e.g.*, *Subafilms, Ltd. v. MGM-Pathe Comms. Co.*, 24 F.3d 1088, 1091 (9th Cir. 1994) (en banc) ("In general, United States copyright laws do not have extraterritorial effect, and therefore, infringing actions that take place entirely outside the United States are not actionable." (cleaned up). And, in any event, Weekend Warrior never provided notice of those listings, never produced them in discovery, and never identified them in its Court-ordered list of accused products. (SMF ¶ 14; Docs. 33, 33-1, and 33-2.) Evidence outside the pleadings and not disclosed during discovery must be excluded under Rule 37(c)(1).

*Fifth*, Weekend Warrior points to Amazon's post-suit conduct as evidence of supposed bad faith. (WW Mot. at 31.) But any analysis of post-suit conduct undercuts willfulness entirely. Within two days of service, Amazon began removing allegedly infringing listings; within five weeks, it

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

had removed more than ▇▇▇ and to date, it has removed more than ▇▇▇ listings and terminated

over ▇▇▇ accounts associated with product listings reported by Weekend Warrior. (SPUF ¶¶ 87, 91,

94–97.) Courts hold that such prompt, cooperative remedial action is inconsistent with willful

copyright infringement. *Philpot v. L.M. Commc'ns II of S.C., Inc.,* 343 F. Supp. 3d 694, 701 (E.D.

Ky. 2018), *rev'd on other grounds*, 776 F. App'x 906 (6th Cir. 2019) (no willfulness where

defendant promptly removed material and cooperated).

\*\*\*

In sum, even accepting Weekend Warrior's narrative for purposes of this motion reveals

factual disputes and credibility questions that only a jury can resolve. Summary judgment should

be denied. *See, e.g.*, *Philpot v. Toledo Radio, LLC*, No. 3:15CV1401, 2016 WL 5118282, at \*3

(N.D. Ohio Sept. 21, 2016) (denying summary judgment on willfulness given genuine disputes of

material fact as to whether defendant acted reasonably); *Krikor*, 2023 WL 2372068, at \*11

(denying summary judgment on willfulness).

## CONCLUSION

Weekend Warrior brought a sweeping case asserting 48 copyrights and accusing hundreds

of product listings, yet now asks this Court to grant summary judgment on all of those claims based

on a broad-brush argument without doing the required work-by-work infringement analysis. The

size of a case does not relieve a plaintiff of its burden of proof, and the number of works at issue

does not permit it to short-circuit the analysis required by law. Weekend Warrior's failure to engage

with the governing standards, identify the protectable elements of its works, or show undisputed

facts establishing infringement or willfulness for *each* of the 48 asserted works requires denial of

its motion in full.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Dated: November 21, 2025

Respectfully submitted,


 /s/ Sourabh Mishra_____          /s/ Klaus H. Hamm_____

Moez M. Kaba (*pro hac vice*)          Ryan L. Frei (*pro hac vice*)
Jessica N. Trafimow (*pro hac vice*)   Klaus H. Hamm (*pro hac vice*)
HUESTON HENNIGAN LLP                   Ziyu Ma (*pro hac vice*)
1 Little West 12th Street, 2nd Floor   Todd M. Siegel (*pro hac vice*)
New York, NY 10014                     KLARQUIST SPARKMAN, LLP
Telephone: (646) 930-0415              121 SW Salmon Street, Suite 1600
mkaba@hueston.com                      Portland, Oregon 97204
jtrafimow@hueston.com                  Telephone: (503) 595-5300
                                       Facsimile: (503) 595-5301
Christine Woodin (*pro hac vice*)      ryan.frei@klarquist.com
Sourabh Mishra (*pro hac vice*)        klaus.hamm@klarquist.com
HUESTON HENNIGAN LLP                   ziyu.ma@klarquist.com
523 West 6th Street, Suite 400         todd.siegel@klarquist.com
Los Angeles, CA 90014
Telephone: (213) 788-4099              Gregory F. Ahrens
cwoodin@hueston.com                    Wood Herron & Evans LLP
smishra@hueston.com                    600 Vine Street, Suite 2800
                                       Cincinnati, OH 45202
*Counsel for Defendants*               Telephone: (513) 241-2324
*Amazon.com Services LLC and*          gahrens@whe-law.com
*Amazon.com, Inc.*
                                       *Counsel for Defendants*
                                       *Amazon.com Services LLC and*
                                       *Amazon.com, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2025, I caused the foregoing to be served by email

to all counsel or record registered with the Court's CM/ECF system as follows:

Gary F. Franke
gff@garyfrankelaw.com
Gary F. Franke Co., LPA
201 E. Fifth Street, Suite 910
Cincinnati, OH 45202

Keith J. Wesley
kwesley@ellisgeorge.com
Matthew L. Venezia
mvenezia@ellisgeorge.com
George B. A. Laiolo
glaiolo@ellisgeorge.com
Elizabeth Carpenter
ecarpenter@ellisgeorge.com
Amanda Mannshahia
amannshahia@ellisgeorge.com
Diane Torosyan
dtorosyan@ellisgeorge.com
Ellis George LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067


 _/s/ Klaus H. Hamm_
Klaus H. Hamm