UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WEEKEND WARRIOR CLOTHING, LLC, | Case No.: 1:23-CV-00752 |
| *Plaintiff*, | |
| | Judge: Douglas R. Cole |
| v. | Magistrate Judge Stephanie K. Bowman |
| AMAZON.COM SERVICES, LLC; AMAZON.COM, INC., | **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** |
| *Defendants*. | |

**PLAINTIFF WEEKEND WARRIOR CLOTHING, LLC'S RESPONSE TO AMAZON'S NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 94)**

1

**I.**      **Introduction**

The *Cox* decision does not change the outcome of Weekend Warrior's case against Amazon for three reasons.

***First***, *Cox* concerns only contributory copyright infringement, but both Weekend Warrior and Amazon view this case primarily as a direct infringement case. ECF No. 66 (WW's MSJ) at PageID 6857. *Cox*, if it altered contributory infringement law, would therefore only alter one of Weekend Warrior's alternative theories of liability.

***Second***, *Cox* does not change contributory infringement law; it merely reaffirms precedent. Specifically, *Cox* reaffirms that contributory infringement attaches when one "induces" another to infringe by "actively encourag[ing] infringement through specific acts." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 968 (2026). The Sixth Circuit case on which Weekend Warrior relies to show contributory infringement, *Korala*, aligns with *Cox*. *Compare id. with NCR Corp. v. Korala Assocs.*, 512 F.3d 807, 816 (6th Cir. 2008) ("Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another"). Because the law has not changed, the outcome of the parties' cross-motions here will not change, either.

***Finally***, even if the Court views this case as one where contributory infringement controls, and even if it believes *Cox* has altered contributory infringement law, the evidence against Amazon satisfies *Cox*. Amazon doesn't provide its users with an internet connection and nothing else, like Cox. Amazon operates every link in the chain of infringement—from creating and displaying infringing derivative works of the WW Designs, to manufacturing knockoffs of WW's t-shirts in its own fulfillment centers, to shipping those infringing products to its customers, all while profiting from the sales as the "seller of record." ECF No. 66 at PageID 6842–43. And even for

2

infringing designs that garner no sales, Amazon ███████████████████████████████ ███████, affixes them to articles it selects, and displays them on its website. *See id.* Unlike simply providing or refusing to take away an internet connection, Amazon's actions show inducement.

Neither the facts nor the law of *Cox* alter the outcome of the motions before the Court.

## II.     *Cox* **does not affect the primary claim at issue—direct copyright infringement.**

*Cox* has no bearing on direct (or vicarious) infringement. *See Cox* at 964 ("This case concerns contributory liability"). As set out in Weekend Warrior's motion and opposition to Amazon's motion, Weekend Warrior's principal theory of the case is that Amazon's actions directly infringe Weekend Warrior's designs. *See generally* ECF No. 66; *see* ECF No. 84 (WW's Opposition) *and compare* § III.A (heading of "Amazon is liable for direct copyright infringement") *with* § III.B (heading of "Alternatively, Amazon is liable for contributory copyright infringement"). Through its counsel and retained witness, Amazon agrees. *See* ECF No. 66 at PageID 6858–59 (noting that at the parties' May 7, 2025 discovery conference, Amazon's counsel stated that Amazon viewed products sold through Merch as presenting direct infringement issues, rather than indirect); *see also id.* ("███████████████████████████████ ███████████████████████████████████████████") (internal citations omitted).

*Cox* thus does not affect the key issues that control the cross-motions.

## III.    *Cox* **does not overrule governing Sixth Circuit law on contributory infringement.**

*Cox* simply reinforces established precedent:

> **This Court has repeatedly made clear that mere knowledge that a service will be used to infringe is insufficient to establish the required intent to infringe**. . . . Mere indifferent supposition or knowledge on the part of the seller that the buyer will use the product unlawfully is not enough to make the seller liable for the buyer's conduct. . . . There is no precedent in the law of copyright for liability based only on the fact that the defendant has sold equipment with constructive knowledge of the fact its customers may use that equipment to make unauthorized copies of copyrighted material.

3

*Cox* at 968 (cleaned up, emphasis added). Just as *Cox* reiterates what cannot create contributory infringement, it also reiterates what can:

> The provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement. The intent required for contributory liability can be shown only if the party **induced** the infringement or the provided service is tailored to that infringement. **A provider induces infringement if it actively encourages infringement through specific acts**. . . . A service is tailored to infringement if it is not capable of substantial or commercially significant noninfringing uses.

*Id.* at 967 (cleaned up, emphasis added).

The Sixth Circuit case Weekend Warrior relied on in support of its motion and opposition, *NCR v. Korala*, is consistent with *Cox*. *Korala* set out the elements of contributory infringement in this Circuit: "Liability for contributory infringement derives from the defendant's relationship to the direct infringement. Contributory infringement occurs when one, with knowledge of the infringing activity, **induces**, causes, or materially contributes to the infringing conduct of another." *NCR Corp.*, 512 F.3d at 816 (emphasis added) (citing *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007)). *Korala* characterized these requirements as meaning, "That is, a plaintiff must allege: (1) direct copyright infringement [by] a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) [defendant's] material contribution to the infringement." *Id. Korala* thus groups "inducing" and "causing" another's infringement into the broader category of "materially contributing to" another's infringement sufficient to create contributory liability. In other words, before *Cox*, the Sixth Circuit permitted contributory liability when a defendant induced infringement, and considered inducement a type of material contribution. *Cox* simply confirms that inducement can, indeed, support contributory infringement. *Korala* remains good law. And Weekend Warrior's (alternative) theory of contributory liability remains viable post-*Cox*.

4

Amazon claims *Cox* supports its motion by misconstruing Weekend Warrior's contributory theory. The defendant notes, "As Amazon explained in its opening brief, 'mere knowledge of actual infringing uses of a service' is not enough to establish contributory liability where that service has substantial noninfringing uses." ECF No. 94-1 at PageID 11333. But that "substantial noninfringing uses" language relates to a contributory theory Weekend Warrior has never asserted—*tailoring*. *See Cox*, *supra* at 967 (explaining difference between contributory liability based on tailoring and that based on inducement). Weekend Warrior has never alleged that Merch is broadly tailored to infringement because it is incapable of substantial noninfringing uses. In fact, Weekend Warrior explained in detail in its opposition how Amazon's characterization of its contributory theory was incorrect. *See* ECF No. 84 at PageID 10459–61 (describing how "Amazon misstates WW's contributory infringement theory to defeat an argument WW does not make" regarding substantial noninfringing uses).

The theory Weekend Warrior actually asserts—inducement / material contribution—stands. As explained below, Weekend Warrior's evidence against Amazon establishes the defendant induces infringement through far more than "knowledge plus inaction." ECF No. 94-1 at PageID 11334.[1]

## IV.     Amazon's Merch is not like Cox's simple internet connection.

The Supreme Court rightly found that "holding Cox liable merely for failing to terminate internet service to infringing accounts would expand secondary copyright liability beyond our precedents." *Cox*, *supra* at 968. Amazon goes so far as to argue that this holding "defeats Plaintiff's

---

[1] Weekend Warrior further does not make Sony's argument from *Cox*—as characterized by Amazon—that "the Digital Millenium Copyright Act safe harbor implies baseline liability." ECF No. 94-1 at PageID 11333, n.2. Rather, Weekend Warrior argues that Amazon has not carried its burden of establishing the DMCA affirmative defense as a matter of law. *See* ECF No. 84 § IV.B.

willfulness theory, which improperly assumes that a provider becomes an infringer merely by continuing to offer its service after receiving notice of alleged infringement." ECF No. 94-1 at PageID 11334. But Weekend Warrior does not seek to hold Amazon liable merely for failing to terminate known infringers. Weekend Warrior alleges—and demonstrates with evidence—much more.

More than just a simple internet connection, Weekend Warrior showed that Amazon contributes to every aspect of infringement on Merch. Specifically, WW alleged Amazon "materially contributed to (1) the creation of derivative works of [infringements of the WW] designs by choosing the articles on which Merch listings display them and displaying them accordingly, (2) the creation of those displays despite being able to ██████████████████ ████████████████████████████████████████████████████████, but declining to do so, and (3) the sale of products bearing those designs by handling every step in the process besides creating the designs." ECF No. 84 at PageID 10460, 10495–96 (internal citations omitted). And unlike Cox, which did not control any specific websites on the entire internet it provided its users, Amazon controls *everything* about Merch, from ████████ users and designs to displaying infringements, pricing them, selling them, shipping them, advertising them, and profiting off of them. *See id.* at PageID 10457–59 (internal citations omitted).

In sum, because *Cox* has not changed the law or the evidence before the Court. The outcome should not change, either.

6

Dated: April 13, 2026

*s/ George Laiolo*
Keith J. Wesley, *pro hac vice*
California Bar No. 229276
Matthew Venezia, *pro hac vice*
California Bar No. 313812
George Laiolo, *pro hac vice*
California Bar No. 329850
Amanda Mannshahia, *pro hac vice*
California Bar No. 340619
Ellis George LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Email:  kwesley@ellisgeorge.com
Email:  mvenezia@ellisgeorge.com
Email:  glaiolo@ellisgeorge.com
Email:  amannshahia@ellisgeorge.com

Gary F. Franke, Trial Attorney
Ohio Bar No. 0029793
Gary F. Franke Co., LPA
201 E. Fifth Street, Suite 910
Cincinnati, Ohio 45202
Telephone: (513) 564-9222
Email:  gff@garyfrankelaw.com

*Attorneys for Plaintiff*
*Weekend Warrior Clothing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, a true and correct copy of the foregoing

**PLAINTIFF WEEKEND WARRIOR CLOTHING, LLC'S RESPONSE TO AMAZON'S**

**NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 94)** was served via the United

States District Court CM/ECF system on all parties or persons requiring notice as follows:

| | |
|---|---|
| Brett A. Schatz<br>Wood Herron & Evans LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>Telephone:  (513) 241-2324<br>Email: bschatz@whe-law.com<br>Email: tyoung@whe-law.com (paralegal) | Attorneys for Defendants<br>AMAZON.COM SERVICES, LLC; and<br>AMAZON.COM INC. |

Todd M. Siegel
Ziyu Ma
Ryan L. Frei
Klaus H. Hamm
Klarquist Sparkman, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone:  (503) 595-5300
Facsimile:   (503) 595-5301
Email: todd.siegel@klarquist.com
Email: ziyu.ma@klarquist.com
Email: ryan.frei@klarquist.com
Email: klaus.hamm@klarquist.com
Email: amy.kendig@klarquist.com

Moez M. Kaba
Jessica N. Trafimow
Hueston Hennigan LLP
1 Little West 12th Street, 2nd Floor
New York, NY 10014
Telephone: (646) 930-0415 (Kaba)
Telephone: (212) 715-1123 (Trafimow)
Email: mkaba@hueston.com
Email: jtrafimow@hueston.com

Christine Woodin
Hueston Hennigan LLP
523 West 6th Street, Suite 400

Los Angeles, CA 90014
Telephone: (213) 788-4099
Facsimile: (888) 866-4825
Email: cwoodin@hueston.com

Sourabh Mishra
Hueston Hennigan LLP
620 Newport Beach, CA 92660
Telephone: (949) 356-5536
Facsimile: (888) 866-4825
Email: smishra@hueston.com

*s/George Laiolo*
George Laiolo

3132904.1

9