IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Weekend Warrior Clothing, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>Amazon.com Services, LLC;<br>Amazon.com, Inc.,<br><br>*Defendants*. | Case No. 1:23-cv-00752<br>Judge Douglas R. Cole<br>Magistrate Judge Stephanie K. Bowman |

**DEFENDANTS' MOTION TO PARTIALLY REDACT**
**OPINION AND ORDER (DOC. 108) AND MEMORANDUM IN SUPPORT**

Pursuant to the Court's October 1, 2026, Notation Order, Defendants Amazon.com Services, LLC and Amazon.com, Inc. (collectively "Amazon") move to partially redact confidential business information from the Opinion and Order issued October 1, 2026 (the "Order") (Doc. 108). The Order repeats confidential business information previously filed under seal. Amazon seeks to keep some of this information under seal to preserve the effectiveness of its fraud-and-abuse enforcement and security systems. This motion addresses the proposed redactions identified in Exhibit A under *Grae v. Corr. Corp. of Am.*, 134 F.4th 927 (6th Cir. 2025). Pursuant to S.D. Ohio Civ. R. 7.3(b), Amazon consulted with Plaintiff regarding the requested relief. Plaintiff opposes the motion.

Previously, the parties jointly moved to seal summary judgment documents and exhibits on October 15, 2025 (Doc. 53); Amazon filed unopposed sealing motions on October 24, November 21, and December 12, 2025 (Docs. 69, 82, 88), and moved to partially redact the hearing transcript on July 22, 2026 (Doc. 102). The Court granted the requested sealing and redactions on

November 13, November 24, and December 15, 2025, and August 3, 2026. (Doc. 71, PageID 6954–55; November 24, 2025, December 15, 2025, and August 3, 2026 Notation Orders). The confidential information Amazon seeks to seal now, as identified in Exhibit A, is a subset of the same information the Court previously permitted filing under seal.

In assessing whether the movant has made the showing required to maintain information under seal, the Court considers "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016) (citation omitted). "'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Grae*, 134 F.4th at 932 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002)); *see also Shane Grp.*, 825 F.3d at 308. The party seeking protection bears the burden of justifying sealing document by document and line by line, and general assertions of confidentiality or competitive sensitivity are insufficient. Instead, the movant must establish that "disclosure will work a clearly defined and serious injury." *Grae*, 134 F.4th at 932 (quoting *Shane Grp.*, 825 F.3d at 307). The requested protection must be narrowly tailored. *Id.*

Amazon therefore addresses the specific information proposed for redaction, the harm its disclosure would cause, and the public interest in access to the Order. First, Amazon has a compelling interest in protecting the proprietary, nonpublic operational information, nonpublic staffing levels and internal Merch on Demand notice-processing metrics described in Exhibit A. This information qualifies for trade secrets protection because it is business information that

Amazon has taken reasonable measures to keep secret and that derives independent economic value from not being generally known or readily ascertainable through proper means by people who can obtain economic value from the disclosure or use of the information. *See, e.g.*, 18 U.S.C. § 1839(3). The internal operational information relates to how Amazon identifies and addresses fraudulent submissions by purported rights holders to remove allegedly infringing content and how Amazon evaluates account risks, such as Amazon's account risk signals, notice-validation signals, investigation methods, and handling details. The nonpublic staffing levels and internal Merch on Demand notice-processing metrics reveal Amazon's resource allocation, organizational structure, workloads, fraud estimates, and enforcement outcomes. Amazon keeps this information confidential, limits access to authorized personnel who require it, and permits third-party disclosure only under nondisclosure agreements and stringent platform security protocols. (Egger Decl. ¶¶ 6, 8, Doc. 53-1, PageID 2114–15). This information derives independent economic value from not being known or readily discernible because its disclosure would reveal Amazon's enforcement and security guardrails, facilitate circumvention and targeted abuse, and compromise its trust-and-safety operations, undermining Amazon's ability to evaluate user account risks and identify legitimate third-party complaints, while enhancing the ability of malicious third-party actors to target competitors' product listings based on fraudulent infringement claims. (Doc. 53, PageID 2101). Disclosure would also give bad actors and competitors insight into Amazon's business strategies and operational capacity, allowing competitors to replicate its processes without comparable investment.

Second, Amazon recognizes the public's substantial interest in understanding the Court's decision, including its analysis of Amazon's knowledge of alleged infringement and handling of notices. The proposed redactions protect against the specific injuries that disclosure could cause,

while preserving the factual context and reasoning necessary to understand the decision. This Court has found minimal harm to the public interest if the public "will not need to view the parties' highly confidential business information to understand the events giving rise to the dispute, or the arguments made in that motion." *Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-CV-03047, 2022 WL 16569215, at *2 (S.D. Ohio Nov. 1, 2022) (citing *London Comp. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019)). The Court previously recognized the relevance of Amazon's intellectual property protection protocols and internal notice-validation tools to whether Amazon had actual knowledge of infringement or failed to act on that knowledge. (Doc. 71, PageID 6952). Exhibit A therefore explains why each requested redaction remains justified and how the surrounding public text preserves the Court's analysis. The proposed redactions target specific words or phrases revealing notice-validation criteria, fraud-detection measures, and internal treatment of suspected abusive notice sources. The proposed redactions of staffing levels and operational metrics are limited to the specific numerical figures stating those levels, volumes, percentages, and estimated proportions. The surrounding descriptions of the personnel's responsibilities, design review, notice processing, and account enforcement remain public. The unredacted text explains Amazon's intellectual property protection system, general notice-validation process, and use of multiple factors to assess notices and account risks, allowing the public to understand the parties' positions and the Court's reasoning without exposing Amazon's precise criteria, countermeasures, methods for identifying potentially fraudulent notices, staffing figures, and internal operational metrics.

Finally, the proposed redactions are narrowly tailored. Although the Court initially marked 41 passages with asterisks, Amazon's final request encompasses about half of that number. Amazon has also tailored its requests to specific words or phrases that disclose highly sensitive

and proprietary information within an otherwise public sentence. The remainder of the Order will remain publicly available, preserving the underlying factual context and allowing the public to understand the basis for the Court's decision. The requested redactions are therefore limited in scope and no broader than necessary to protect Amazon's compelling interests.

Accordingly, for the foregoing reasons, Defendants respectfully request that this Court grant the proposed redactions and direct that a redacted version of the Order be made available on the public docket while the unredacted Order remains restricted from public access. Defendants will separately provide the Court with a copy of the Order identifying the proposed redactions for in camera review.

October 8, 2026

Respectfully submitted,

*/s/Ziyu Ma*

Brett A. Schatz
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 707-0418
bschatz@whe-law.com

Ryan L. Frei (*pro hac vice*)
Klaus H. Hamm (*pro hac vice*)
Ziyu Ma (*pro hac vice*)
Todd M. Siegel (*pro hac vice*)
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
ryan.frei@klarquist.com
klaus.hamm@klarquist.com
ziyu.ma@klarquist.com
todd.siegel@klarquist.com

Moez M. Kaba
Jessica N. Trafimow
HUESTON HENNIGAN LLP
1 Little West 12th Street, 2nd Floor
New York, NY 10014
Telephone: (646) 930-0415
mkaba@hueston.com
jtrafimow@hueston.com

Christine Woodin
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4099
cwoodin@hueston.com

Sourabh Mishra
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 356-5536
smishra@hueston.com

*Counsel for Defendants*
*Amazon.com Services LLC and*
*Amazon.com, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record registered with the Court's CM/ECF system as follows:

Gary F. Franke
gff@garyfrankelaw.com
**GARY F. FRANKE CO., LPA**
201 E. Fifth Street, Suite 910
Cincinnati, OH 45202

George B. A. Laiolo
glaiolo@wtlaw.com
Matthew L. Venezia
mvenezia@wtlaw.com
**WATSTEIN TEREPKA, LLP**
515 South Flower Street, 19th Floor
Los Angeles, CA 90071

Keith J. Wesley
kwesley@georgellp.com
Elizabeth Carpenter
ecarpenter@georgellp.com
Amanda Mannshahia
amannshahia@georgellp.com
**GEORGE LLP**
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

*/s/Ziyu Ma*
Ziyu Ma