**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**WEEKEND WARRIOR CLOTHING, LLC,**

**Plaintiff,**

**v.**

**AMAZON.COM SERVICES, LLC, et al.,**

**Defendants.**

**Case No. 1:23-cv-752**

**JUDGE DOUGLAS R. COLE**

**ORDER**

Amazon asks the Court to take an extraordinary step: it wants portions of the Court's recent opinion and order on cross-motions for summary judgment (Sealed Doc. 108) redacted before release on the public docket. Those redactions are necessary, Amazon says, because release of the information would undercut the security of its Merch on Demand service. (Mot. to Partially Redact, Doc. 109, #11809–10). While the hurdle Amazon faces is high, after careful consideration the Court concludes that Amazon clears it here. Specifically, the Court agrees that the information Amazon seeks to redact contains trade secrets, that releasing that information would work irreparable harm on Amazon, and that Amazon has narrowly tailored its request. Accordingly, the Court **GRANTS** Amazon's Motion to Partially Redact Opinion and Order (Doc. 109).

**LAW AND ANALYSIS**

Because courts are public institutions and judges are public servants, there is a "strong presumption" that a court's docket should remain open for public inspection.

*Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). One of the reasons for that presumption is the principle that federal judges are not dispensers of private, secret justice. Instead, "the public is entitled to assess for itself the merits of judicial decisions" and to "ascertain[] what evidence and records the [court] relied upon in reaching [its] decision." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at 1181). Open courts engender public confidence in the judiciary's independence and its power to justly and transparently resolve disputes.

A litigant who wants to redact information from a judicial opinion—i.e., shield such information from public scrutiny—faces a difficult task. They must convincingly demonstrate three things: (1) there is a compelling reason to redact that particular information, (2) their interests in keeping that information secret outweigh the public's interests in accessing the information, and (3) the redactions are narrowly tailored. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). Even if no party objects to a motion to seal, the Court holds an independent obligation to guard its docket's openness. *Shane Grp., Inc.* at 306. Thus, before redacting part of an opinion, the Court must set forth its specific reasoning as to each of those three required showings. Here, the Court finds that Amazon has shown that it has a compelling reason for redacting certain sensitive information, that its interests outweigh the public's interests, and the redactions it proposes are narrowly tailored.

Start with Amazon's compelling interest showing. It claims that some parts of the Court's opinion and order (Sealed Doc. 108) contain "proprietary, nonpublic

operational information, nonpublic staffing levels and internal … notice-processing metrics" concerning the company's Merch on Demand service. (Doc. 109, #11810). In other words, Amazon thinks the opinion and order, if left unredacted, would publicize some of the company's trade secrets. As Amazon points out, trade secrets are "a recognized exception to the right of public access to judicial records." *Brown & Williamson*, 710 F.2d at 1180; *Shane Grp., Inc.*, 825 F.3d at 308; *Grae*, 134 F.4th at 932. Notably, this exception is not (entirely) the product of opaque judicial construction; Congress itself has extended significant protection to trade secrets. 18 U.S.C. §§ 1831–1839. As Congress defines the term, "trade secret" encompasses "all forms and types" of "business" or "technical" information (including "methods, techniques, processes, procedures, [and] programs") that the owner has "taken reasonable measures to keep … secret" and that "derives independent economic value" from its secrecy. *Id.* § 1839(3).

Amazon makes a convincing trade secrets argument. The company's "operational information," "staffing levels," and "notice-processing metrics" fit comfortably within the scope Congress set for trade-secret-type information. (Doc. 109, #11810). How a system operates, how a company staffs its departments, and the specific data a platform generates all strike the Court as "business" or "technical" information that relates to "methods, techniques, processes, procedures, [and] programs." 18 U.S.C. § 1839(3). Amazon has also taken reasonable measures to protect this information, disclosing it internally on only a need-to-know basis and, when disclosing it externally, doing so only under nondisclosure agreements with

strict security protocols. *Id.* § 1839(3)(A); (Doc. 109, #11811). And the information Amazon wants the Court to redact is core to Merch on Demand's internal operations, particularly the integrity of its fraud-detection systems. (Doc. 109, #11811). This information is valuable because it is secret. If it were publicly available, malicious third parties could learn how to circumvent Merch on Demand's security systems, crowding the platform with fraudulent listings; and competitors could recreate Merch on Demand's processes without making investments of their own. (*Id.*). Amazon's secrecy, the Court finds, affords it "a competitive advantage." *Grae*, 134 F.4th at 932 (quoting *3M v. Pribyl*, 259 F.3d 587, 595–96 (7th Cir. 2001)). Thus, Amazon has convincingly shown that the information it seeks to protect is a trade secret and, by doing so, has demonstrated a compelling reason for redacting it from the Court's opinion and order.

But that is not the end of the story. The Court must next balance the public's interests against Amazon's interests.[1] Again, Amazon's argument is convincing. Here, the Court's opinion and order is just over sixty pages long, while the redactions are limited to only a handful of passages that pertain narrowly to Amazon's trade secrets. The implication: Amazon's proposed redactions wouldn't turn the Court's order and opinion into Swiss cheese. Instead, even with the redactions, the public will be able "to understand the events giving rise to the dispute, [and] the arguments

[1] As a brief aside, the interest-balancing evaluation inevitably blends with the narrow-tailoring analysis, which the Court addresses below. After all, to evaluate how redacting parts of an opinion would hinder the public's interests, the Court must consider what information it would redact and how significantly that redaction would obscure the public's understanding of the Court's reasoning.

made in th[e] motion[s]" for summary judgment. *Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-cv-3047, 2022 WL 16569215, at *2 (S.D. Ohio Nov. 1, 2022). In short, a handful of redactions will not meaningfully disrupt the public's weighty interest in viewing and assessing the Court's rationale. Conversely, Amazon's interests in keeping its trade secrets secret (which in turn maintains the integrity of its Merch on Demand service) are, as detailed above, quite substantial. And if those secrets were published in the opinion and order, Amazon's interests would be permanently frustrated. "Secrecy is a one-way street: Once information is published, it cannot be made secret again." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (quoting *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)). So, given the limited quantity of redactions and the likelihood that Amazon would suffer irreparable injury without those redactions, the Court finds that Amazon has shown that its interests outweigh the public's interests.

Finally, the Court must assess whether Amazon's proposed redactions are narrowly tailored. They are. Initially, the Court flagged roughly forty-one passages in the opinion and order that contained information derived from documents the Court had previously sealed. (Doc. 71; 11/24/2025 Not. Ord.; 12/15/2025 Not. Ord.; 8/3/2026 Not. Ord.). The Court then gave the parties a week to evaluate those passages and offer arguments about why the Court should (or shouldn't) redact them. (10/1/2026 Not. Ord.). Amazon requests that the Court redact around half of those passages—only the most sensitive phrases, often just one or two words or a single statistic. (Doc. 109, #11812–13). The remainder of the opinion and order, Amazon

concedes, should remain public. (*Id.*). To support its request, Amazon attached a chart that identifies each redaction and lays out the company's reason for why the public should not have access to that information. (Doc. 109-1). Amazon also attached a copy of the opinion and order that contains its proposed redactions. (Doc. 109-2). After reviewing Amazon's proposed redactions and fully evaluating its reasoning, the Court agrees that the redactions are narrowly tailored to protect Amazon's trade secrets and that they would not remove from public view more information than necessary.

* * *

In sum, the Court finds (1) Amazon has presented compelling reason to redact trade secret information about its Merch on Demand platform, (2) Amazon's interests in keeping its trade secrets from publication outweigh the public's interests in accessing that information, and (3) the redactions Amazon proposes are narrowly tailored to both vindicate the company's interests while preserving the public's ability to understand and evaluate the merits of the Court's opinion and order. *Grae*, 134 F.4th at 930. Accordingly, Amazon has carried its heavy burden to justify the redaction of information from the Court's opinion and order.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Amazon's Motion to Partially Redact Opinion and Order (Doc. 109). The Court will redact the portions of

the opinion and order (Doc. 108) that Amazon requests[2] and promptly publish it on the public docket.

**SO ORDERED.**

October 14, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

[2] To be clear, Weekend Warrior was also provided the same opportunity to request redactions. (10/1/2026 Not. Ord.). It did not do so. That is perhaps not surprising, as the information at issue was information that Amazon, not Weekend Warrior, had earlier requested the Court to seal. (Doc. 53, #2106 (Ex. A); Doc. 69).